SAMUEL, Judge.
Plaintiff in this matter, Clarence Thomas, filed suit against Neeb-Kearney and Company, Inc., Aetna Insurance Company, its liability insurer, Dixie Leasing of New Orleans, the owner of the tractor portion of the truck involved in the collision, and Liberty Mutual Insurance Company, Dixie Leasing’s liability insurer, for damages arising out of a vehicular collision.
Answers were filed in due course on behalf of all defendants. In addition Neeb-Kearney, Dixie Leasing and Liberty Mutual filed a third-party demand against Aetna for indemnity or, in the alternative, contribution.
The matter was settled with the plaintiff prior to trial for $25,750, and the case was tried on the third-party demand alone. Judgment was rendered in favor of third-party defendant, Aetna, and third-party plaintiffs have appealed.
There is little dispute as to the facts.[1] On August 28, 1971 plaintiff was injured by Jessie Martin, a truck driver for Neeb-Kearney. The rig driven by Martin was composed of a truck-tractor unit which pulled a trailer unit. The truck was owned *466 by Dixie Leasing and leased on a day-today basis to Neeb-Kearney. The trailer was owned by United Trailer Leasing, and it likewise was leased to Neeb-Kearney.[2] The truck-tractor owned by Dixie Leasing was insured by Liberty Mutual. Neeb-Kearney was insured by Aetna.
The question raised by appellants, particularly Liberty Mutual, is whether the driver of the truck-tractor, Jessie Martin, was a primary insured under the policy of insurance written by Aetna in favor of Neeb-Kearney, so that the sum paid plaintiff should be proportioned between Liberty Mutual and Aetna on a pro rata basis, predicated on their respective coverages.[3]
Aetna sets the matter forth in the form of three issues, a negative answer to any one of which would result in a judgment in its favor. The first two “issues” are somewhat illusory and tend to involve circular reasoning. However, in view of our holding on the third issue, asserted by Liberty Mutual and more clearly formulated by Aetna, it is unnecessary for the court to discuss the first two issues.
Aetna argues that its policy contains an “excess insurance” clause the result of which would be to insulate it from any liability until the full $100,000 limit of Liberty Mutual has been exhausted. Obviously, the stipulated sum of $25,750 is well within the $100,000 limit of liability of Liberty Mutual, and if Aetna is correct, there should be no judgment rendered against it.
The pertinent provision in Aetna’s policy reads as follows:
“VI. ADDITIONAL CONDITION
With respect to a hired automobile or a non-owned automobile, this insurance shall be excess insurance over any other valid and collectible insurance available to the insured.”
The pertinent provision in Liberty Mutual’s policy provides:
“If the insured has other insurance against a loss covered by this policy, the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability of all valid and collectible insurance.”
Liberty Mutual refers to these provisions and it refers to the rule that when two policies apply to an accident and both have exclusionary clauses in the event of the existence of other applicable insurance, the courts find both exclusionary clauses repugnant and permit recovery against both insurers based on a pro rata basis according to the respective policy limits.
Liberty Mutual cites no authority in support of its argument, nor can we find any. Presumably, Liberty Mutual refers to the rationale of Graves v. Trader & General Insurance Company, 252 La. 709, 214 So.2d 116, in which the court held repugnant two pro rata clauses which, if interpreted literally, would have provided no insurance even though the driver and the vehicle involved were each covered by separate policies of liability insurance. In that case the insurance clauses were deemed repugnant and the court held both insurers to be primary, prorating the judgment between them.
There is no such conflict of insurance clauses in the matter before this, court. Liberty Mutual simply has the primary policy on the owned vehicle (i. e., the truck-tractor owned by Dixie Leasing), and Aet-na has the excess coverage because as to it the truck-tractor is literally a hired or non-owned vehicle.
An almost identical situation with identical insurance clauses was decided in this manner by the Louisiana Supreme Court in *467 the case of Juan v. Harris, 279 So.2d 187 (1973). In the Juan case Hartford Accident & Indemnity Company’s policy contained an “excess coverage” clause identical to that contained in the Aetna policy in this case. Moreover, Employers’ Liability Assurance Company’s policy contained a pro rata clause identical to that contained in Liberty Mutual’s policy in the present case. The court simply applied the policies as written, refused to declare the policies repugnant or to reform the Hartford policy to provide for a pro rata sharing of the loss, and declared the Employers’ policy primary and the Hartford policy excess.
Likewise in the present case there is no conflict between the policies so as to render them repugnant. Clearly, by literal application of the very terms of the policies, Liberty Mutual provides primary coverage and Aetna provides only excess coverage.
For the reasons assigned, the judgment appealed from is affirmed.

AFFIRMED.

. The only asserted dispute is whether third-party plaintiffs were estopped from bringing the third-party demand because of their delay in so doing and other indications which might tend to show they admitted primary coverage on the part of Liberty Mutual. However, this argument was not seriously pursued in brief or in oral argument, and this court will treat the matter as abandoned.

. Since United Trailer Leasing had ceased doing business at the time of this suit, there is no indication of any insurance written directly on the trailer.

. In the trial court, it was stipulated Aetna would be liable for one-third the amount paid plaintiff if Liberty Mutual is correct.