410 So.2d 338 (1982)
Donald R. GOUDEAU and Lawrence J. Suchand
v.
Wilfred T. HILL, d/b/a General Contractors of New Orleans.
No. 12493.
Court of Appeal of Louisiana, Fourth Circuit.
February 9, 1982.
*339 Henry W. Kinney, III, New Orleans, for plaintiffs-appellees.
Paula A. Perrone, The Legal Clinics of Paula Perrone, New Orleans, for defendant-appellant.
Before BARRY, LOBRANO and KLEES, JJ.
KLEES, Judge.
Plaintiff and defendant entered into a written agreement whereby the defendant agreed to repair and patch "obvious leaks" in an old French Quarter Building near the French Market. In addition to the patch work one section of a six-sectional roof was to be completely replaced.
After the work was purportedly completed and after the defendant was paid, the old roof which was to be repaired continued to leak and the new section of the roof also leaked.
The defendant returned on a number of occasions to try to rectify the leaking problem but his attempts were unsuccessful. He then told the plaintiffs that he should have used fiberglass instead of tin as he suggested to the plaintiffs before entering into the contract. Although the plaintiffs rejected the use of fiberglass when it was initially suggested they later told the defendant to use the fiberglass or whatever else was needed to prevent the roof from leaking.
The defendant then informed the plaintiffs that he would be back to repair the roof with the fiberglass at his expense. However, the defendant did not return and after three months and repeated unsuccessful attempts to contact him the plaintiffs instituted legal proceedings.
The trial court found that defendant, Wilfred T. Hill, did not perform his part of the contract because the job was not done in a workmanlike manner. It is this judgment which the defendant has appealed. The plaintiffs have answered the appeal, seeking an additional award of attorney's fees.
The issue in this case is whether or not the defendant contractor, Wilfred T. Hill, performed his part of the contract in a skillful, careful and workmanlike manner.
LSA-C.C. Art. 2769 Contractor's liability for non-compliance with contract, states:
"If an undertaker fails to do the work he has contracted to do, or if he does not execute it in the manner and at the time he has agreed to do it, he shall be liable in damages for the losses that may ensue from his non-compliance with this contract."
It is generally held that under the cited Article, every contract for work or services carries an implied obligation on the part of the contractor that he will perform in a good workmanlike manner in default of which he must respond in damages for the losses that may ensue. Tiger Well Service v. Kimball Production Company, 343 So.2d 1153 (La.App. 3rd Cir. 1977).
In order to recover damages the plaintiff must prove that a defect exists and that the defect was a result of faulty workmanship or materials. Neel v. O'Quinn, 313 So.2d 286 (La.App. 3rd Cir. 1975), writ denied, 319 So.2d 440 (La.1975). A leaking roof is a defect. Stream v. Le Jeune, 352 So.2d 714 (La.App. 3rd Cir. 1977).
The evidence and testimony adduced at trial shows us that the plaintiff successfully met the burden of proving that the defects (leaks), were a result of faulty workmanship. Louis Eichenhorn, a roofer and sheet metal man for 30 years, testified that he inspected the roof in question and *340 found the work performed by the defendant Wilfred T. Hill, and the subcontractor, Alton Tillis, of very poor quality. In connection with his testimony numerous photographs of the roof and interior of the building shown to the court clearly revealed the poor quality of the work performed. Joseph E. Blanchard, one of the expert witnesses called by the defendant, a roofer for 25 years, stated that he would have done many things differently than the way they were done by the defendant and the subcontractor, implying that the work was not properly performed.
While there was some testimony to the contrary, particularly by an architect, Glenn Currie called as an expert witness by the defendant, there is ample evidence to support the ruling of the trial court. Accordingly, the judgment is affirmed.
As to plaintiff's answer to this appeal seeking attorney's fees, we find no authorization either by statute or by the contract between the parties. Such an award must therefore be denied.
AFFIRMED.