467 So.2d 1380 (1985)
Carolyn C. SCHROEDER
v.
DiPASCAL CABINET COMPANY, INC. and Guy DiPascal.
No. 84-CA-597.
Court of Appeal of Louisiana, Fifth Circuit.
April 15, 1985.
*1381 Paul G. Preston, Christovich & Kearney, New Orleans, for plaintiff-appellant.
George B. Richard, Marrero, for defendant-appellee.
Before KLIEBERT, CURRAULT and GRISBAUM, JJ.
CURRAULT, Judge.
This appeal arises from a judgment rendered in the Second Parish Court of the Parish of Jefferson in which plaintiff, Carolyn C. Schroeder, was awarded Four Hundred Ten Dollars ($410) in damages for poor refinishing work performed by defendant, DiPascal Cabinet Company, Inc. (DiPascal).
The facts reveal that plaintiff contracted with defendant to refinish forty-four kitchen cabinet doors for a sum of Four Hundred Thirty-Five Dollars ($435). Following their agreement, plaintiff sent the doors to a furniture stripper to prepare the doors for the refinishing work. After the doors were stripped, Mr. Guy DiPascal, defendant, picked up the doors from the premises of the furniture stripper, removed them to his workshop and completed the work.
The doors were returned on or about June 2, 1982, at which time plaintiff paid defendant the agreed-upon amount. Later, after examining the doors, plaintiff discovered sanding marks and variations in color. She then attempted on numerous occasions to have defendant return to inspect the doors and redo the refinishing. In this regard, plaintiff made seven phone calls between January 2 and August 20, 1982. Subsequently, plaintiff sent a letter to defendant, a letter to the Better Business Bureau and finally contacted an attorney who also wrote defendant a demand letter. All of these attempts failed to elicit any response from defendant.
*1382 As a result of the failure of defendant to respond to plaintiff's complaint, suit was filed in Second Parish Court of the Parish of Jefferson on December 28, 1982 for contractual and/or delictual damages in the amount of Four Thousand Dollars ($4,000). Trial on the matter was held on October 14, 1983. Judgment was rendered on October 25, 1983 in plaintiff's favor for the sum of Four Hundred Ten Dollars ($410) plus costs and expert fees. The court assessed One Hundred Dollars ($100) toward the defects; Two Hundred Fifty Dollars ($250) for inconvenience and delay by defendant in offering to redo the job; and Sixty Dollars ($60) to rehang the doors.
Thereafter plaintiff perfected this appeal alleging as error that:
(1) The trial court erred in reducing the amount awarded plaintiff because of an alleged failure to mitigate her damages.
(2) The trial court erred in awarding only $410 plus costs for the damages sustained by plaintiff.
In brief, appellee also raised error related to the trial court's award of non-pecuniary damages. However appellee neither appealed nor answered the appeal. Under LSA-C.C.P. Article 2133, we are precluded from addressing the issue as relief requested solely in brief does not satisfy the requirement of LSA-C.C.P. Article 2133. Juan v. Harris, 263 So.2d 370 (La. App. 4th Cir.1972); affirmed and amended on other grounds, 279 So.2d 187 (La.1973); Arrow Fence Co., Inc. v. DeFrancesch, 466 So.2d 631 (La.App. 5th Cir., 1985).
On appellant's first assignment of error, it is argued that the trial court determined the amount of the award after concluding that appellant should have attempted to mitigate her damages. This proposition is based on the trial judge's questioning of appellant during trial as to whether she would allow defendant to attempt to redo the refinishing at that point in time. Appellant's response was to the effect that she had no reason to suppose he would or could perform the job satisfactorily, and that further she had given him ample opportunity for sixteen months to do so or at least offer to do so. It is appellant's position that she ought not to be forced into accepting his offer made during the trial under the circumstances.
The law related to the duty of an injured party to mitigate the damages presumes that further damage has occurred following the tort or breach of contract. See: Unverzagt v. Young Builders, Inc., 252 La. 1091, 215 So.2d 823 (1968); Rogers v. Nelson Dodge, Inc., 407 So.2d 443 (La. App.3d Cir.1981); Aultman v. Rinicker, 416 So.2d 641 (La.App.2d Cir.1982).
It is well settled law that:
"the consequences of an injury are recoverable where the injured party acts with such care and diligence as a man of ordinary prudence would under the circumstances, and his efforts to minimize damages are determined by the rules of common sense, good faith and fair dealing." Unverzagt, supra, 215 So.2d at 825; Nelson, supra; Aultman, supra.

In this case, the doctrine is inapplicable as the facts are clear that (1) no further actual damage to the cabinets occurred following the appellee's services; and (2) the subsequent damages, i.e., $250 in non-pecuniary damages and $60 for the doors, resulted specifically from appellee's refusal to respond to appellant's numerous requests to appellee to inspect the doors and/or offer to redo the work. Consequently appellant is correct that her duty, if any, was satisfied.
On the other hand, while the trial court did allow the offer to be made during trial, our review of the reasons for judgment does not indicate that the award granted by the judge included a penalty to appellant for refusing the offer. Therefore, we do not find the award subject to modification on this basis.
Appellant's second specification of error alleges that the trial court erred in the amount of damages the trial court awarded. In this regard, it is well established *1383 that review of a damage award by the appellate court is limited to whether the trial court abused its discretion. Perniciaro v. Brinch, 384 So.2d 392 (La.1980).
Appellant argues correctly that the contract for work or services carries with it an implied obligation on the part of the contractor that he will perform in a good workmanlike manner and in the default of which he must respond in damages for the losses that may ensue. LSA-C.C. art. 1930; LSA-C.C. art. 2769; Goudeau v. Hill, 410 So.2d 338 (La.App. 4th Cir.1982); Rogers, supra. As a general rule, damages recoverable for a breach of contract are the loss a person sustains and the profit of which he is deprived. LSA-C.C. art. 1934.[1] In Meador v. Toyota of Jefferson, Inc., 332 So.2d 433 (La.1976), the Louisiana Supreme Court noted that in certain limited circumstances, recovery may also be allowed for non-pecuniary damages under LSA-C.C. art. 1934(3)[2].
The evidence herein reveals that the kitchen cabinet doors were hollow and made with veneer wood material. They were 17 years old but were in functional condition. At trial, three of the doors were inspected and introduced into evidence. The doors showed cross-sanding marks and variations in color from door to door as well as on each door. The testimony of appellant and her expert, Bob Garrett, indicated these flaws were consistent with the other doors refinished by appellee.
Mr. Garrett, appellant's expert witness, stated that the sanding marks resulted from placing too much pressure on the sander. He stated that mixed wood used in this type of veneer can cause variations in color. However, Mr. Garrett explained that the variations were correctable by varying the amount of stain placed on the wood.
Appellee, Mr. DiPascal, testified as an expert as well. He admitted that the cross-grain sanding marks were caused by improper sanding, but denied that his workers caused the marks. He indicated that the stripping personnel might have sanded the doors improperly subsequent to completion of the stripping process. He, however, admitted that he did not perform the work or closely supervise the three teenage employees who did the refinishing.
In regard to the color, he testified that the variations were a result of the wood mixture, but did not state whether or not it could have been corrected by the staining process. Appellee testified that he only checked one or two doors out of the 44 prior to sending them back to appellant as completed.
Appellant testified that appellee at no time warned her or told her that the wood veneer might cause uneven color variations in the finished product. Both experts testified that any defects in stripped material would become clearly apparent after staining, although Mr. Garrett stated the cross-grain sanding marks might have been visible *1384 prior to staining. The facts further show that the workers who performed the work for appellee were inexperienced 17 year olds who had little supervision during the refinishing process.
Both Mr. Garrett and appellee noted that it would be difficult and expensive to refinish the doors again because of the materials used in the first process. Mr. Garrett estimated that another attempt would cost One Thousand, Six Hundred Twenty-Five Dollars ($1,625). Appellee on the other hand presented an estimate of Six to Seven Hundred Dollars ($600-$700).
After hearing the testimony and after inspecting the three doors introduced into evidence, the trial court found that the defects complained of by appellant existed but that those flaws were noticeable only upon close examination. Thus, the trial court only awarded appellant One Hundred Dollars ($100) for the defects. The trial court then awarded Two Hundred Fifty Dollars ($250) for inconvenience and Sixty Dollars ($60) for the cost of rehanging the doors. The trial court impliedly found the defects were caused by appellee's poor workmanship.
While we do not find the trial court abused its discretion, insofar as liability and the damages for inconvenience and the cost of rehanging the doors is concerned, we find an abuse of discretion in the $100 award for the defects. Our inspection of the doors indicates that the defects are not grossly apparent; however the poor quality of the work is noticeable. The evidence is clear that the sole purpose of the refinishing contract was to beautify appellant's kitchen, a purpose partially unfulfilled by appellee. As appellee failed in his duty to perform the job in a good workmanlike manner in addition to failing to warn appellant that problems might arise because of the type of wood used in the construction of the doors, we find that appellant is entitled to recover the entire contract price of Four Hundred Thirty-Five Dollars ($435) for the defects along with the $60 for rehanging the doors and the $250 for delay and inconvenience as assessed by the trial court.
Therefore, for the foregoing reasons and after a review of the law and evidence, we hereby amend the trial court judgment to increase the award in favor of plaintiff, Carolyn Schroeder, and against defendants, DiPascal Cabinet Company, Inc. and Guy DiPascal, from Four Hundred Ten Dollars ($410) to Seven Hundred Forty-Five Dollars ($745) plus costs and expert fees. Costs of appeal are to be paid by appellee.
AFFIRMED IN PART; AMENDED IN PART; AND AFFIRMED AS AMENDED.
NOTES
[1] LSA-C.C. art. 1934 in general provides:

Where the object of the contract is any thing but the payment of money, the damages due to the creditor for its breach are the amount of the loss he has sustained, and the profit of which he has been deprived, under the following exceptions and modifications:
....
[2] LSA-C.C. art. 1934(3) provides:

Although the general rule is, that damages are the amount of the loss the creditor has sustained, or of the gain of which he has been deprived, yet there are cases in which damages may be assessed without calculating altogether * * on the pecuniary loss, or the privation of pecuniary gain to the party. Where the contract has for its object the gratification of some intellectual enjoyment, whether in religion, morality or taste, or some convenience or other legal gratification, although these are not appreciated in money by the parties, yet damages are due for their breach; a contract for a religious or charitable foundation, a promise of marriage, or an engagement for a work of some of the fine arts, are objects and examples of this rule.
In the assessment of damages under this rule, as well as in cases of offenses, quasi offenses, and quasi contracts, much discretion must be left to the judge or jury, while in other cases they have none, but are bound to give such damages under the above rules as will fully indemnify the creditor, whenever the contract has been broken by the fault, negligence, fraud or bad faith of the debtor.