CIACCIO, Judge.
This appeal concerns the interpretation of the provisions of two insurance policies and the application of proceeds from these policies. For the following reasons, we reverse the judgment of the trial court.
This suit arose out of an incident on February 28, 1989 when a portion of the ceiling in a building owned by Norman Sauls collapsed, injuring several people. The property was insured under a general liability policy issued to Sauls by Pelican State Insurance Company. The policy also named as insured the real estate manager of the subject property. It is undisputed that at the time of the accident, A & M Investments, Inc. was acting as real estate manager of the property.
Plaintiff, Diane Woodson and others brought this lawsuit against A & M Investments, Sauls and Pelican for the injuries sustained in the accident. Pelican subsequently filed a third party demand seeking indemnity and contribution against South Carolina Insurance Company which issued a commercial general liability policy to A & M Investments.
The main demand was settled with plaintiffs within the policy limits of the Pelican Policy, with the issue of applicable coverage to be litigated.
Thereafter, Pelican and South Carolina each filed motions for summary judgment on the third party demand. Pelican argued that the South Carolina policy provided primary coverage and South Carolina claimed it only provided excess coverage for this loss. The trial court reviewed the evidence and the provisions of the two policies and concluded that the “other insurance” clauses of the two policies were in conflict. The court found that both were primary policies which provided coverage to the insured, A & M Investments, on a pro-rata basis. Accordingly, South Carolina’s motion for summary judgment was denied, and the motion filed by Pelican was granted.
South Carolina now appeals from this judgment of the trial court, alleging two assignments of error:
1) The trial court committed manifest error in finding that the policies of insurance issued to A & M Investments, Inc. by Pelican State Mutual Insurance Company and South Carolina Insurance Company are both primary policies containing conflicting “other insurance” clauses.
2) The trial court committed manifest error in granting Norman Sauls and Pelican State Mutual Insurance Company’s Motion for Summary Judgment, thereby prorating the coverage provided by Pelican State Mutual Insurance and South Carolina Insurance Company.
The principle issue for us to resolve then is how Pelican and South Carolina, either or both, should contribute to the settlement and resulting judgment obtained by plaintiffs.
It is undisputed that the Pelican policy provides primary coverage to its insured, A & M Investments, for this loss. The obligations of Pelican are stated in the policy as follows:
4. Other Insurance
If other valid and collectible insurance is available to the insured for a loss we cover under Coverage A or B of this Coverage Part, our obligations are limited as follows:
a. Primary Insurance
This insurance is primary except when b below applies. If this insurance is *1347 primary, our obligations are not affected unless any of the other insurance is also primary. Then, we will share with all that other insurance by the method described in c below.
b. Excess Insurance
This insurance is excess over any of the other insurance, whether primary, excess, contingent or on any other basis:
(1) That is Fire, Extended Coverage, Builder’s Risk, Installation Risk or similar coverage for “your work”;
(2) That is Fire insurance for premises rented to you; or
(3) If the loss arises out of the maintenance or use of aircraft, “autos” or watercraft ...
As the loss in this case does not fall within one of the categories listed in part b of this section, the excess provisions in this policy are not applicable.
Although the South Carolina policy contains similar language with regard to the existence of other insurance, it also contains an endorsement which states as follows:
This insurance does not apply to “property damage” to property you operate or manage or as to which you act as agent for the collection of rents or in any other supervisory capacity.
With respect to your liability arising out of your management of property for which you are acting as real estate manager this insurance is excess over any other valid and collectible insurance available to you.
Pelican contends that the South Carolina policy also affords primary coverage to A & M Investments for this loss. Pelican argues that the “other insurance” clauses contained in the two policies are in conflict and repugnant and should be rejected, citing Lamastus & Associates, Inc. v. Gulf Insurance Company, 260 So.2d 83 (La. App. 4th Cir.1972), writs denied, 261 La. 1054, 262 So.2d 40 (1972).
However, the policies dealt with in the Lamastus ease contained conflicting clauses with regard to the applicable coverage where other insurance existed. The trial court in Lamastus rejected both clauses of the policies and pro-rated the loss between the two insurers. We do not find Lamas-tus to be controlling in this case but follow the rationale of Juan v. Harris, 279 So.2d 187 (La.1973).
In Juan, supra, the plaintiff was injured by an automobile which was owned and operated by Curtis Harris, an employee of H.E. Wiese, Inc., who was in the course of his employment with Wiese at the time of the accident. Harris’ vehicle was insured by an automobile policy issue by Employers Liability Assurance Corporation, Ltd. (Employers). However, prior to the accident, Harris leased this vehicle to his employer Wiese for use on the job site, with an agreement that Wiese would provide insurance for the vehicle’s operation on the job. Weise maintained an automobile liability policy with Hartford Accident and Indemnity Company (Hartford). The operation of the vehicle at the time of the accident was covered by both policies.
With regard to the existence of other insurance, the Employers policy provided:
“OTHER INSURANCE: If the insured has other insurance against a loss covered by Part 1 of this policy the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss; provided however, the insurance with respect to a temporary substitute automobile or non-owned automobile shall be excess insurance over any other valid and collectible insurance.”
Employers argued that this clause was in conflict with the excess insurance clause in the Hartford policy which stated:
“ADDITIONAL CONDITION”
“Excess Insurance — Hired and Non-Owned Automobiles
*1348 With respect to a hired automobile or a non-owned automobile, this insurance shall be excess insurance over and other valid and collectible insurance available to the insured.” (Emphasis added).
The Supreme Court in the Juan case found no conflict between Employers’ pro rata clause and Hartford’s excess clause. With regard to a situation involving a non-owned automobile, the court found that the Hartford policy clearly provided excess insurance.
In the Juan case, the Employers policy contained a pro rata clause very similar to that contained in Pelican’s policy in this case. Further, Hartford’s policy contained an “excess clause” identical to that contained in the South Carolina policy in the present case. The Hartford policy in Juan provided only excess coverage for a situation involving a non-owned automobile; similarly, the South Carolina policy in the present case clearly specifies excess coverage for situations involving non-owned property or property that is merely managed by the insured.
We find, as the Supreme Court concluded in Juan, that in the present case there is no conflict between the policies so as to render them repugnant. The intent to provide only excess insurance under the present circumstances is clearly expressed by the endorsement contained in the South Carolina policy. Clearly, by literal application of the terms of the policies, Pelican provides primary coverage and South Carolina provides only excess coverage.
Where the language of a policy is clear and free of ambiguity, it constitutes the contract between the parties and must be enforced as written. Fruge v. First Continental Life and Acc. Ins. Co., 430 So.2d 1072 (La.App. 4th Cir.1983), writ denied, 438 So.2d 573 (La.1983). Under the specific terms of the endorsement in the South Carolina policy, since A & M Investment’s liability arises out of its actions as real estate manager and there is primary coverage afforded to A & M by virtue of the Pelican policy, the South Carolina coverage is applicable only as excess insurance.
For the foregoing reasons, we find that the Pelican policy provides primary coverage and the South Carolina policy provides excess coverage. We further hold that the trial court was clearly wrong and manifestly erroneous in finding that the policies issued by Pelican State Mutual Insurance and South Carolina Insurance Company were both primary policies which provided coverage to A & M Investments on a pro-rata basis.
Accordingly, the judgment of the trial court granting Pelican’s motion for summary judgment is reversed. All costs of this appeal are to be borne by Appellees.
REVERSED AND RENDERED.