LMAX N. TOBIAS, JR., Judge.
We grant the application for supervisory writ of co-defendant, Arnica Mutual Insurance Company (“Arnica”), to conduct a de novo review of a judgment of the First City Court of New Orleans that held Arni-ca, as the insurer of the defendant/driver of the automobile involved in an accident, was primary and Allstate Insurance Company (“Allstate”), the insurer of the defendant/owner of the vehicle involved in the accident, was excess. The trial court granted Allstate’s motion for summary judgment and denied Arnica’s cross-motion for summary judgment.
An accident occurred on 10 June 2001 involving a 1993 Mazda 626 automobile owned by Jennifer Orr (“Orr”) and driven by Mary Dawkins (“Dawkins”). Because Arnica and Allstate have failed to provide us with a copy of the plaintiffs’ petition, we assume that the plaintiffs[1] have alleged that the negligence of Dawkins caused them injury and that they suffered damages. At the time of the accident, Allstate insured Orr’s vehicle and Arnica insured Dawkins as the owner of a 1995 Subaru Legacy Outback automobile. Dawkins was driving Orr’s Mazda with Orr’s permission at the time of the accident. Allstate and Arnica | ¡¿filed cross-motions for summary judgment each asserting that the other insurer is primary and that it is excess.
In part, the applicable Allstate policy language reads:
If an insured person is using a substitute private passenger auto or non-owned auto, our liability insurance will be excess over other collectible insurance. If more than one policy applies on a primary basis to an accident involving your insured auto, we will bear our proportionate share with other collectible liability insurance.
However, this policy will pay on a primary basis for damages an insured person is legally obligated to pay because of bodily injury and damage to or destruction of property arising out of the use of a non-owned auto by you or a resident relative if:
1. The non-owned auto is being used temporarily while your insured auto is being serviced or repaired, or when the non-owned auto is being test-driven by you or a resident relative, and
[Emphasis in original deleted.]
We are unable to quote or review the complete applicable language of the policy because both Arnica and Allstate have provided this court with only the even numbered pages of the policy and the odd numbered pages of the relevant policy endorsement. We assume that the trial court similarly did not have before it the complete policy language when it rendered its decision.
The applicable Arnica policy language reads as follows:
*1109 If there is other applicable liability insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide for a vehicle you do not own shall be excess over any other collectible insurance.
In addition to the policy language regarding who is excess, we note that the policies’ language states that the insurer shall only be responsible for its proportionate share of damages. We note that Allstate’s policy does not explain how its proportionate share is calculated. It is asserted in Arnica’s application for Rwrits that the policy limits of Allstate’s policy are $25,000 per person/ $50,000 per accident, but we cannot in our de novo review confirm this assertion. That is, although Arnica attaches what is represented to be a copy of Allstate’s policy, no declaratio'ns page of the Allstate policy is in the record before us. Arnica’s policy appears to provide coverage of $100,000 per accident.[2]
The language in the two insurance policies’ language appears repugnant to each other, each asserting that it is excess. This court has held in other similar cases that the matter cannot be determined on motions for summary judgment and must await a determination of whether damages are due the plaintiff. See Spiro v. Liberty Mut. Fire Ins. Co., 99-1797 (La.App. 4 Cir. 4/12/00), 761 So.2d 53: Chedville v. Ins. Co. of North America, 95-0170 (La.App. 4 Cir. 1/16/95), 664 So.2d 1310. Obviously, the issue is fact dependent in at least two respects: the facts and circumstances of the underlying accident, injury, and damages, and the insurance policy language. We note that this suit was filed in First City Court, a court of limited jurisdiction where the maximum damages recoverable by a plaintiff is $20,000. Because of the incomplete language of the policies in this case which we have, including the unexplained interpretation of “proportionate” in the Allstate policy, the determination of the trial court that one of the insurers is primary is apparently based upon at least inaccurate information and is accordingly premature. We therefore are required to vacate the judgment.
We do not address the applicability of La. R.S. 32:900, La. R.S. 22:1406, or the Second Circuit’s opinion in Safeway Ins. Co. of La. v. State Farm Mut. Auto. Ins. Co., 36,853 (La.App. 2 Cir. 3/5/03), 839 So.2d 1022, because we lack the full insurance policies at issue.
14For the foregoing reasons, we vacate the 6 June 2003 judgment of the trial court and remand for further proceedings.

WRIT GRANTED; JUDGMENT VACATED; REMANDED.

. We cannot determine the precise number of plaintiffs or nature of the plaintiffs' claims because neither Arnica nor Allstate have described the nature of the plaintiffs' claims in the writ or response thereto.

. The precise policy limits are unclear because the copy of the declarations page in the record before us has been cut off in the process of reproduction.