214 So.2d 116

**Walter L. GRAVES et al.**

v.

**TRADERS & GENERAL INSURANCE COMPANY et al.**

No. 48855.

June 28, 1968.

Rehearing Denied Oct. 9, 1968.

Taylor, Porter, Brooks, Fuller & Phillips, Baton Rouge, for defendant-appellant-relator.

Durrett, Hardin, Hunter, Dameron & Fritchie, Baton Rouge, for defendants-appellees-respondents.

SUMMERS, Justice.

Certiorari was granted to decide how liability should be apportioned between two automobile liability insurance companies

who have issued policies providing concurrent or double coverage of a motorist conceded to be responsible for damages arising out of an automobile collision.

On February 8, 1964, a school bus driven by Henry C. Bell struck the rear of an automobile occupied by the plaintiffs Mr. and Mrs. Walter L. Graves. At the time of the accident, Bell was transporting school children between McKinley High School and Port Allen for his employer Cass Collins. Collins owned a 60-passenger school bus which was regularly engaged as a public or livery conveyance, but on this occasion it was being repaired. The vehicle Bell was driving was a temporary substitute which Collins had borrowed from Superior Coach Sales, Inc.

Traders & General Insurance Company had issued its automobile liability policy with a school bus endorsement effective July 26, 1963 insuring Cass Collins for one year with $5,000 limits to each person and $10,000 limits for each accident for bodily injury liability, and $5,000 limits for property damage liability. The policy insured a temporary substitute automobile and contained the following pro rata and excess clauses:

"If the insured has other insurance against a loss covered by this policy the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability

stated in the declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss; provided, * * * coverages * * * with respect to temporary substitute automobiles * * * shall be excess insurance over any other valid and collectible insurance."

The Travelers Indemnity Company had issued a "Garage Policy" effective January 1. 1964 for one year, insuring Superior Coach Sales, Inc. with $100,000 limits for each person and $300,000 limits for each accident for bodily injury liability and $25,000 limits for property damage liability. In addition to insuring Superior Coach Sales, Inc., the Travelers policy insured any person using Superior's vehicles with permission. The provision insuring "any other person" was made applicable:

"(O)nly if no other valid and collectible automobile liability insurance, either primary or excess, with limits of liability at least equal to the minimum limits specified by the financial responsibility law of the state in which the automobile is principally garaged, is available to such person * * *."

In addition to the foregoing escape clause and a standard pro rata clause, the policy also provided that its limits of liability with respect to "any other person" would be:

"(T)he amount by which (a) the applicable minimum limit of liability for bodi-

ly injury or property damage specified in the financial responsibility law of the state in which the automobile is principally garaged exceeds (b) the sum of the applicable limits of liability under all other valid and collectible insurance available to the insured * * *."

After the accident, Mr. and Mrs. Graves instituted suit for personal injuries, property damage and medical expense incurred as a result of the collision with the vehicle belonging to Superior Coach Sales, Inc. Cass Collins, Traders and Travelers were joined as defendants. Judgment was rendered in the trial court against all defendants in solido awarding $3,000 to Mr. Graves for personal injuries and medical expense and $2,500 to Mrs. Graves for personal injuries. An award of $211 was made to Mr. Graves for property damage.

Finding the "other insurance" clauses of the two policies mutually repugnant, and that both policies provided "primary" coverage, the trial court applied the "pro rata" provisions of each policy and apportioned the liability between Traders and Travelers. Personal injury liability was decreed against Traders and Travelers, respectively, in the proportion which $5,000 bears to $100,000 or one-to-twenty, and property damage liability was decreed in the proportion which $5,000 bears to $25,000 or one-to-five.

On appeal to the First Circuit the judgment was affirmed. 200 So.2d 67. We granted writs upon the application of Travelers. 251 La. 73, 203 So.2d 89.

Under the quoted clauses the insurance of either company, in the absence of the other, would cover the liability of Cass Collins, and either company alone would be answerable for the damages found to be due by the trial court. But, since each policy provides coverage in situations where other insurance exists, we are called upon to reconcile the conflicting provisions, or otherwise determine a proper disposition under the circumstances.

Our study of the "other insurance" clauses quoted from the two policies makes it plain that they cannot be reconciled, and if the provisions of both policies are given effect, neither insurer would be liable. Such a result would render all insurance nugatory and produce an absurdity which neither the insured nor the insurers contemplated.

Numerous cases involving similar fact situations have been adjudicated in many other jurisdictions and the results reached by the courts have not been uniform. Oregon Automobile Insurance Company v. United States Fidelity & Guaranty Company, 195 F.2d 958 (9th Cir.1952); Note, 27 La.Law Rev. 114 (1966); Note, 38 Minn. L.Rev. 838 (1954); 8 Appleman, Insurance Law and Practice § 4914 (1962); 7 Am. Jur.2d, Automobile Insurance § 201, 202.

▮ The problems presented here have been treated very thoroughly by the First

Circuit in this case and by the Third Circuit in Lincombe v. State Farm Mutual Automobile Ins. Co., 166 So.2d 920 (La. App.1964) and in State Farm Mutual Auto Ins. Co. v. Travelers Ins. Co., 184 So.2d 750 (La.App.1966). In these decisions the "excess" and "escape" clauses in policies providing double or concurrent coverage were held to be mutually repugnant and the pro rata clauses of each policy, not being repugnant, were enforced. Thus each insurer was held liable in proportion to the limit of its respective policy. We find no reason to depart from this solution and, accordingly, hold the excess and escape clauses in the two policies to be mutually repugnant and ineffective. The pro rata clauses in each policy, on the other hand, are not incompatible and these provisions will be enforced, making each insurer liable in proportion to the limit of its respective policy.

Travelers contends at this point, and it was principally to answer this contention that we granted writs, that its policy did not have the limits which the trial court and Court of Appeal found it to have and which were utilized to formulate the apportionment. It predicates this position upon the limits of liability clause in its policy to the effect that, when "any other person" described as insured is driving the insured vehicle, the applicable limit of liability shall be the amount by which the applicable minimum limit of liability for bodily injury or property damage specified in the financial responsibility law of the state exceeds the sum of the applicable limits of liability under all other valid and collectible insurance available to the insured. In short, the contention is that with respect to insureds such as Cass Collins, the limit of the Travelers policy is the limit specified by the Louisiana Motor Vehicle Responsibility Law or $5,000/$10,000/$1,000. See La.R.S. 32:872.

If this limitation is utilized in pro rating the liability between the insurers, Traders and Travelers would share the bodily injury liability equally, and the property damage liability would be apportioned between Traders and Travelers in the same ratio which $5,000 bears to $1,000 in accordance with their respective limits of liability for property damage.

Counsel for Traders answers this contention simply by stating that the limitation of liability clause in Travelers' policy is vague and indefinite and in conflict with the other clauses and provisions of the same policy. This answer is inadequate.

The limitation of liability clause, limiting the company's coverage to the applicable minimum limit of liability under state law, is unambiguous and it is not contradicted by the exclusion or pro rata clauses under consideration. The limitation is, moreover, intentionally inserted because dealers have been distressed by the poor loss records resulting to a considerable degree from acci-

dents of garage customers while trying out automobiles, using garage cars as substitutes during repairs as in the case at bar, and like situations.

The endorsement seeks to cope with the problem by limiting the garage liability policy coverage for customers and by reducing the premium the garage owner must pay. At the same time, the endorsement in no way affects the protection of the named insured. It is designed for outsiders, providing minimum protection when applicable.

■ The principal consideration in the interpretation of insurance policies is to ascertain the intention of the parties from the language of the contracts. Where these agreements are legally entered into, they have the effect of laws on the parties. La. Civil Code art. 1901. Thus, when the words of the contract are clear and explicit and lead to no absurd consequence, the courts may not alter them. La. Civil Code art. 1945. And when a clause is susceptible to two interpretations, it must be understood in that in which it may have some effect, rather than in a sense which would render it nugatory. La. Civil Code art. 1951.

■ Guided by these principles we reach the conclusion that we cannot fail to give effect to the limitation of liability clause in Traveler's policy and that the apportionment of liability between the two insurance

companies decreed by the Court of Appeal and the trial court was in error. The apportionment should have been made on the basis of the minimum limits of the State Motor Vehicle Responsibility Law, which are $5,000/$10,000/$1,000, instead of the declared limits of $100,000, $300,000 and $25,000 in Travelers' policy.

For the reasons assigned, it is ordered, adjudged and decreed that the apportionment between Traders and Travelers be equal with respect to bodily injury liability, and the apportionment with respect to the property damage liability between them is decreed to be in the ratio which $5,000 bears to $1,000. Costs to be equally apportioned; and as thus amended the judgment of the Court of Appeal is affirmed.