REGAN, Judge.
The plaintiffs, Lumbermens Mutual Casualty Company, and Dixie Buick, Inc., filed this suit against the defendants, Gene R. Robichaux, Allstate Insurance Company, and Car City Insurance Company, endeavoring to recover the sum of $2,791.11, representing property damage to an automobile owned by Dixie Buick and insured by Lumbermens Mutual Casualty Company, which damage the plaintiffs assert was caused by the negligence of Robichaux in the operation of the vehicle.
Lumbermens Mutual enters this litigation as subrogee of Dixie, and the latter sues to recover the $100 deductible amount which it paid in conformity with its insurance contract with Lumbermens Mutual.
The defendant, Allstate Insurance Company, the liability insurer of Robichaux, answered and denied the accusations of fault contained' in the plaintiffs’ petition, which pleading contained a denial of coverage under its policy. In addition thereto, Car City Insurance Company, Robichaux’s personal collision insurer, filed a motion for summary judgment requesting that the suit by Lumbermens Mutual be dismissed.[1]
The lower court rendered judgment granting Car City’s motion for summary judgment and dismissing the suit by Lum-berjnens Mutual Casualty Company against it. From that judgment, Lumbermens Mutual has prosecuted this appeal.
The record discloses that Car City’s motion for summary judgment is not accompanied by sworn evidence required by C.C. P. arts. 966 and 967. Nevertheless, we will assume arguendo that Car City has complied with the procedural requirements of these articles. In support of its motion for summary judgment, Car City relies on two provisions contained in its policy of collision insurance, one relating to the definition of an insured, and the other dealing with an exclusion of coverage if the insured possesses other insurance.
In its petition, Lumbermens Mutual asserts that on August 2, 1969, a salesman of Dixie Buick loaned Robichaux a substitute automobile for the purpose of permitting him to pick up the cash required to purchase a new automobile and to return it that day. The petition additionally asserts that Robichaux did not return the Buick as agreed, but retained it for his own personal use and damaged the vehicle the following day. The defendant, Car City, insists that the foregoing allegation is a judicial admission by the plaintiff which places Robichaux beyond the definition of “an insured” within the meaning of the contract of insurance. The significant provision of the policy reads:
“Insured means * * * (b) with respect to a non-owned automobile the named insured and any relative while using said automobile provided his actual operation or (if he is not operating), the other actual use thereof is with the permission, or reasonably believed to be with the permission of the owner and is within the scope of said permission.” (Emphasis added).
While it is quite possible that the allegations contained in the plaintiffs’ petition constitute a judicial admission that Robichaux drove the automobile without the permission of its owner, there is nothing in the petition or in the defendant’s motion for summary judgment or supporting document to show whether or not Rob-ichaux reasonably believed that he had the permission of the owner to maintain possession of the vehicle until the next day. The quoted policy provision is obviously an effort by the insurance company to avoid affording coverage to a vehicle to which the insured has gained possession by either theft or tortious conversion; however, the insurance contract modifies this provision *89 to the extent that it affords coverage to one who uses a vehicle without the consent of the owner, when a reasonable man would consider himself to be using the vehicle with the owner’s permission in view of the surrounding facts and circumstances. It is well settled that in cases involving insurance contracts which are drawn exclusively by the insurer without the participation of the insured, any possibility of doubt in the interpretation thereof must be construed against the insurer and in favor of the insured.
The significant question posed for our consideration herein is whether the evidence offered to the lower court was free of any genuine issue of material fact so that the defendant was entitled to a judgment as a matter of law. Whether the named insured used the vehicle with the reasonable belief that he had permission to so use it constitutes a question of fact which was unresolved by virtue of the evidence before the court at the time of its consideration of the defendant’s motion for summary judgment. Consequently, the existence of such a material fact negates the possibility of the rendition of a summary judgment against the plaintiff.
The other policy provision relied upon by Car City is one which excludes coverage to any temporary substitute automobile if the named insured "has other valid and collectible insurance against such loss.” At the time of the trial of the motion for summary judgment, Allstate Insurance Company had denied in its answer that it was liable in damages for the negligence of Robichaux in the operation of Dixie Buick’s vehicle, and also denied coverage under its contract of insurance. Such a defense obviously involves questions of both fact and law and would also be sufficient to militate against a summary judgment in favor of Car City.
For the foregoing reasons, the judgment appealed from is reversed, and the case is now remanded for such additional proceedings as the nature of the case may require.
Reversed and remanded.

. It should be noted that the motion for summary judgment was not filed against the petition of Dixie Buick, Inc.