CHASEZ, Judge.
This is a limited appeal which arises out of a tort action and concerns the interpretation of two insurance policies and the application of proceeds from these policies.
Suit was brought by Charles Juan against Charles R. Harris,[1] his personal liability insurer, the Employers’ Liability Assurance Corporation, Ltd., H. E. Wiese, Inc., employer of Harris, and its insurer, Hartford Accident and Indemnity Company. Charles R. Harris, an employee of H. E. Wiese, Inc., owned and operated a pickup truck which was also leased to H. E. Wiese, Inc. at the time of the accident giving rise to this suit. Charles Juan was employed by H. E. Wiese, Inc. as a pipefitter at the Shell Oil Company refinery located at Norco, Louisiana. Prior to the accident, however, he had been discharged and had returned to the plant to retrieve his equipment.
Charles R. Harris was employed by H. E. Wiese, Inc. as a pipefitter area foreman. At the time of the accident, on February 9, 1968, Harris was driving his truck and had stopped near Gate 17 at the refinery. The plaintiff was standing alongside this truck when Harris backed up and, in so doing, caused plaintiff bodily injury. There is testimony reflective of a labor dispute at the time, but for our purposes we are not concerned with ascertainment of negligence.
For purposes of this limited appeal, it is sufficient to indicate that after trial on the merits, a jury rendered a verdict of $30,000 in favor of plaintiff. The Employers’ Liability Assurance Corporation, Ltd., hereinafter referred to as Employers’; and Hartford Accident and Indemnity Company, hereinafter referred to as Hartford; were cast in judgment to pay by pro-rata contribution the damages awarded. The resultant effect being: Employers’ was to pay 2%75ths, or $2,272.73; and Hartford to pay 250/275ths, or $27,727.27.
From this judgment Hartford has sus-pensively appealed, asserting that the pro-rata apportionment as determined by the lower court is in error.
Charles Harris and his truck are insured by Employers’ under a family-combination-automobile policy. There is no question before this court concerning coverage of Harris, it being conceded by Employers’ that its policy entitles Harris to the full coverage under the policy.
Hartford is the automobile liability insurer of H. E. Wiese, Inc., and Wiese is the employer of Harris. Under the Hartford policy employees, within the scope of their employment with H. E. Wiese, Inc., are covered by this automobile liability insurance policy.
The issue necessitating resolution is the “excess insurance” clause as contained within the Hartford policy. Hartford contends that the Harris vehicle is a “hired automobile” and as such the policy only provides excess insurance over any other valid and collectible insurance available to the insured.
Policy definitions contained in Hartford’s policy pertinent to our discussion herein are:
‘ “owned automobile”
‘ “hired automobile”
‘ “non-owned automobile.” ’
‘ “owned automobile” means an automobile owned by the named insured;
*372 ‘ “hired automobile” means an automobile not owned by the named injured which is used under contract in behalf of, or loaned to, the named insured, provided such automobile is not owned by or registered in the name of * * * * * (b) an employee or agent of the named insured who is granted an operating allowance of any sort for the use of such automobile;
[1] “non-owned automobile” means an automobile which is neither an owned automobile nor a hired automobile; >{« % >fc >> >
Harris’ truck was leased by H. E. Wiese, Inc. for $100.00 per month, plus expenses for gas and upkeep of the truck. Thus, it appears that Harris was granted an “operating allowance” and, as such, the truck cannot be considered a “hired automobile” by the definition of same contained in the policy. However, the truck does fall within the definition of a “non-owned automobile”.
The excess insurance clause is:
“Excess Insurance — Hired and Non-owned Automobiles.
“With respect to a hired automobile or a non-owned automobile, this insurance shall be excess insurance over any other valid and collectible insurance available to the insured."
Therefore, under this policy, because Harris is primarily insured by Employers’, Hartford’s insurance coverage is excess.
Employers’ contends that the Hartford policy provision for excess insurance is inapplicable as Harris was told by his employer, H. E. Wiese, Inc., that he was fully covered under their company liability policy.
Statements of representatives of H. E. Wiese, Inc. indicate that Harris was informed that he was fully covered under the company policy. These statements are totally correct. Assuming Harris had no other insurance, Hartford would be liable to the full amount of their policy. Thus, Harris is covered under his employer’s policy. This coverage, however, is conditioned by the entrance of “other valid and collectible insurance” available to Harris.
Employers’ cites Graves v. Traders & General Insurance Company, 252 La. 709, 214 So.2d 116 (1968) as controlling and that a pro-rata distribution should be made. That case, however, involved two automobile liability policies from two different insurance companies, both containing excess and escape clauses such that if the provisions of both policies were given effect, it would result in there being no insurance, which produced an absurdity.
In the present case the Employers’ policy contains no applicable excess clause. Its policy contains an excess insurance clause effective only with respect to a temporary substitute automobile or non-owned automobile. Therefore, under the present facts, Employers’ is the primary insurer and Hartford is the excess insurer. See O’Brien v. Traders and General Insurance Company, 136 So.2d 852 (La.App., 1st Cir., 1961); St. Ann v. American Insurance Companies, 206 So.2d 817 (La.App., 4th Cir., 1968).
Employers’ also contends alternatively that it should have judgment against H. E. Wiese, Inc. for breach of contract of lease in that there was failure by H. E. Wiese, Inc. to obtain or effect the insurance agreed upon between it and Charles Harris.
The scope of this appeal, however, cannot determine this issue originally raised by Harris and Employers’ through third-party demand against H. E. Wiese, Inc. and Hartford. Neither Harris nor Employers’ appealed from the judgment *373 below and no answer to Hartford’s appeal appears in the record. A Brief submitted by Employers’ is not considered as an answer to the appeal. See also Herman v. Jambois, 205 So.2d 63 (La.App., 4th Cir., 1967).
Additionally, the judgment complained of reads as follows:
“IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of plaintiff, Charles Juan, and against defendants, Charles R. Harris, H. E. Wiess, Inc., (sic) jointly, severally and in solido in the full sum of Thirty Thousand Dollars ($30,000.00) with legal interest thereon from date of judicial demand until paid, and against Hartford Accident and Indemnity Company and The Employers’ Liability Assurance Corporation only to the extent and in the proportion set forth hereinabove.” [That the Employers’ Liability Assurance Corporation should bear 2%7sths or $2,272.73 of the verdict and Hartford should bear 23%5ths or $27,727.27.]
We are without authority to alter or change this judgment in favor of the plaintiff, Charles Juan, with regard to the Employers’ Liability Assurance Corporation being cast in judgment for a greater sum than that rendered by the lower court for the well established reason that an appellate court cannot modify, revise or reverse a judgment, or part of a judgment, in favor of a party who has neither appealed nor complained by way of an answer to an appeal. LSA-C.C.P. Art. 2133; Post v. Rodrique, 205 So.2d 67 (La.App., 4th Cir., 1968).
For the foregoing reasons, the judgment of the lower court is amended to reduce Hartford Accident and Indemnity Company’s liability to the sum of $5,000.00 as excess insurer, and as amended the judgment is affirmed.
Amended, and as amended, affirmed.

. Charles It. Harris is incorrectly referred to in plaintiff’s petition as Curtis R. Harris. However, an answer was filed by Charles R. Harris as lie is the real party in interest.