426 So.2d 718 (1983)
Eugene DETTE
v.
COVINGTON MOTORS, INC., et al.
No. 82 CA 0504.
Court of Appeal of Louisiana, First Circuit.
January 5, 1983.
Rehearing Denied February 17, 1983.
Stephen M. Pizzo, New Orleans, for plaintiff, appellant.
James J. Danna, Metairie, for defendants, appellees.
Before COVINGTON, LANIER and ALFORD, JJ.
COVINGTON, Judge.
Plaintiff, Eugene Dette, appeals from a summary judgment in favor of defendants, Covington Motors, Inc. (Motors) and Liberty Mutual Insurance Company (Liberty Mutual).
The accident which gives rise to this litigation allegedly occurred on July 14, 1980, when Robin Dette, who was driving a motorcycle in a southerly direction on Pontchartrain Drive in Slidell, Louisiana, became *719 involved in an accident with Helen Winston, who had pulled out of a parking lot adjacent to Val's Meat Market. It is alleged that Winston exited from the lot in an easterly direction, attempting to make a turn to the north, directly in front of and in the path of the motorcycle. As a result of the accident Robin contends that he sustained injuries, including a severe injury to his neck and back, various fractures, and contusions and abrasions of a substantial portion of his body, resulting in some scarring.
Eugene Dette, individually and as the administrator of the estate of his minor son, Robin filed a suit for damages, against defendants, Covington Motors, Inc., its liability insurer, Liberty Mutual Insurance Company, Helen Winston, her insurer, Allstate Insurance Company, and Employers Insurance Company of Wausau, Dette's insurer. Plaintiff sought to recover damages in the amount of $850,000 against the defendants for injuries to his son. Motors and Liberty Mutual filed a third-party demand against Winston and her insurer, Allstate.
After the accident Dette made a demand upon Liberty based on its coverage of Motors' vehicles involved in accidents. Liberty paid, under its policy, the sum of $6,880.60 to Dette. Liberty and Motors then moved for summary judgment, based on an endorsement in the garage insurance policy that he had been issued by Liberty, under which (they argue) the policy limits have been exhausted. The trial court granted the motion without giving written or oral reasons therefor. Dette has appealed the judgment. We reverse and remand.
Motors and its insurer argue that the automobile driven by Winston at the time of the accident was loaned to her by Motors; that under the terms of the garage policy issued to Motors, specifically, the endorsement entitled "Limited Coverage for Certain Insurance," Winston was a garage customer so that the financial responsibility limits of $5,000 per person, $10,000 per accident for bodily injury are applicable, and that Liberty Mutual has already paid, on behalf of Motors, more than its financial responsibility limit.
A reading of the pleadings, the insurance policy and the affidavits convinces us that the trial judge committed manifest error in sustaining defendants' motion. The case is not in a posture for a summary judgment. There remain unanswered questions of fact, material to the liability and coverage of Liberty Mutual and the liability of Motors.
The affidavits submitted by the defendants attempt to negate any connection between them and liability for the accident, except that Winston, as a garage customer, was involved in the accident while driving Motors' car which had been loaned to her; however, the affidavits do not address all of the facts and issues involved in the lawsuit. Lang v. Dairyland Insurance Company, 368 So.2d 203 (La.App. 1st Cir.1979).
At the time of the hearing on the motion for summary judgment, Liberty Mutual had denied in its answer that it was liable for the negligence of Winston, asserted Robin's contributory negligence, and denied coverage of Motors (other than a restricted coverage under its garage policy). Such defenses obviously involve questions of both fact and law, and are also sufficient to militate against a summary judgment. Lumbermens Mutual Casualty Company v. Robichaux, 259 So.2d 87 (La.App. 4th Cir. 1972).
Therefore, a trial on the issues of liability and coverage will be necessary, as well as any other pertinent issue that may develop at the trial on the merits. From our observation, summary judgments are sparingly granted. The purpose of the summary judgment procedural device is to dispose expeditiously of cases involving issues of law and/or uncontested issues of fact. The mover for summary judgment has a heavy burden of proving that there is no genuine issue of material fact. Fly v. Hand, 376 So.2d 1016 (La.App. 1st Cir.1979). In determining the genuineness of the issues, the courts are not permitted to consider the merits of the fact at issue, the credibility of witnesses, or whether or not the party alleging the fact will be able to *720 sustain the burden of proving it. The courts have repeatedly held that a motion for summary judgment is not a substitute for a trial on the merits. Odom v. Hooper, 273 So.2d 510 (La.1973); Batson Lumber Co., Inc. v. Yates, 319 So.2d 853 (La.App. 1st Cir.1975). Under LSA-C.C.P. art. 966, it is only where there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law that the motion for summary judgment can be granted. Only when reasonable minds must inevitably conclude that the mover is entitled to judgment as a matter of law on the facts before the court is a summary judgment warranted. Chaisson v. Domingue, 372 So.2d 1225 (La.1979).
Appellant argues that it is premature for any determination to be made as to which parties, if any, should be let out of this suit. He suggests that the court needs more facts before it can make such a determination. At the time of the hearing the parties involved had not been furnished a copy of the Allstate policy, which is not in the record. There is or may be a question as to primary or excess coverage of this policy, or as to the validity and effect of the so-called "escape clause."
Louisiana jurisprudence has determined that in such circumstances "excess" and "escape clauses" are considered mutually repugnant and consequently ineffective. The result of this is to prorate the loss between the two insurers. State Farm Mutual Automobile Insurance Company v. Travelers Insurance Company, 184 So.2d 750 (La.App. 3rd Cir.1966). This situation is a possibility in the present suit. In any event, a determination cannot be made until the court has additional facts before it. More specifically, the coverage, terms and responsibility of all the policies that may be involved must be in evidence before the court. See Graves v. Traders and General Insurance Company, 200 So.2d 67 (La.App. 1st Cir.1967), modified in part, 252 La. 709, 214 So.2d 116 (1968). The absence of these facts and information leaves some question of material facts that also precludes the granting of a summary judgment. Malbrough v. American Fidelity Fire Insurance Company, 374 So.2d 146 (La.App. 1st Cir. 1979).
For the foregoing reasons, we reverse the trial court's judgment and remand the case for further proceedings not inconsistent with the views expressed herein. The defendants-appellees are cast for all costs of this appeal; all other costs are to await the final determination of the action.
REVERSED AND REMANDED.