560 So.2d 619 (1990)
Richard LAWHORN
v.
STATE FARM INSURANCE COMPANIES, Gaspar Migliore, Theresa Migliore, Guerino Williams, et al.
No. 89-CA-1495.
Court of Appeal of Louisiana, Fourth Circuit.
April 12, 1990.
Stephen L. Huber, Metairie, for defendant/appellee Liberty Mut. Ins. Co.
Russ M. Herman, Mark R. Wolfe, R. Brent Cueria, John B. Loweb, Herman, Herman, Katz & Cotlar, New Orleans, for plaintiff/appellant.
Before LOBRANO, WILLIAMS and ARMSTRONG, JJ.
LOBRANO, Judge.
Plaintiff, Richard Lawhorn, appeals the dismissal of his suit against Liberty Mutual Insurance Company (Liberty Mutual) by the trial court on a motion for summary judgment.
The pertinent facts are as follows:
On May 24, 1984, at approximately 11:00 p.m., Lawhorn, his wife, Julie, and their minor daughter, Kristen, were driving north on the Pontchartrain Expressway. At the same time defendant, Theresa Migliore (Migliore), was driving south on the expressway. Suddenly, Migliore came upon a Crescent City taxicab stalled in her lane of traffic. In an attempt to avoid the *620 stalled cab, Migliore lost control of her vehicle, jumped the median and struck the Lawhorn vehicle. As a result of the collision, the Lawhorns suffered severe bodily injuries. Julie Lawhorn died several hours after the accident. Plaintiff and his daughter remained hospitalized for several weeks.
At the time of the collision, Migliore was driving a pickup truck owned by her husband, Gaspar Migliore and insured by State Farm Casualty Insurance Company. State Farm settled with Lawhorn and is no longer part of this litigation.
In addition to suing the Migliores, State Farm and others, Lawhorn, via a second and third amended petition, filed suit against Liberty Mutual alleging that ... "at all times mentioned herein, [Liberty Mutual], provided automobile liability insurance coverage to defendants, Theresa Migliore and her husband, Gaspar Migliore, under automobile policy number A02-291-035489-004ME issued to Robert J. Hron covering named defendants for the damages occasioned in connection with the use of the motor vehicle by defendant, Gaspar Migliore, or his wife and his permittee, defendant, Theresa Migliore, and thus, is liable for the damages caused by Gaspar Migliore and/or his permittee, Theresa Migliore, through operation of the Migliore vehicle."
Robert J. Hron is Theresa Migliore's father. The thrust of Lawhorn's supplemental allegation is that Liberty Mutual's policy, although issued to Hron, insured a 1980 Ford Thunderbird which is owned by Theresa Migliore. Thus, Lawhorn asserts, Theresa is a "named insured" under Liberty Mutual's policy and the "temporary substitute provisions" cover the pick-up she was driving.
Liberty Mutual filed a motion for summary judgment asserting they did not provide any liability coverage for Theresa Migliore at the time of the accident, and hence there is no genuine issue of material fact or law. In support of their motion, Liberty Mutual introduced the automobile liability policy which insured Robert J. Hron and the 1980 Ford Thunderbird which Lawhorn asserts was owned by Migliore. In addition to the policy, Liberty Mutual introduced an affidavit by Wanda Harn, their supervisor, which stated that the records of Liberty Mutual Insurance Company indicate that on the day of the accident they had issued no policies of insurance insuring Theresa Migliore and/or Gaspar Migliore. She further stated that the policy of insurance issued to Robert J. Hron does not include Theresa Migliore and/or her husband, Gaspar Migliore, as named insureds nor was the pick-up driven by Migliore at the time of the accident an insured vehicle under that policy.
Lawhorn countered by introducing the depositions of Gaspar and Theresa Migliore in which they testified that, even though registered in Hron's name, the 1980 Thunderbird insured by Liberty Mutual was, in fact, owned by Theresa Migliore; that Theresa Migliore helped pay for the Thunderbird; that the Thunderbird was kept in the possession of Theresa Migliore at her home; that Robert J. Hron insured the Thunderbird on behalf of Theresa Migliore for her use and that the only reason she was not driving the Thunderbird at the time of the accident was because it was in disrepair due to a transmission problem. Lawhorn concludes that because the Thunderbird was actually Theresa Migliore's vehicle, the pickup truck driven by her on the night of the accident falls within the temporary substitute vehicle provisions of Liberty Mutual's policy and therefore is a covered vehicle.[1]
*621 In rebuttal, Liberty Mutual asserts there can be no coverage because the pickup truck is not a covered temporary substitute vehicle for two reasons. First, Theresa Migliore is not the owner of the Thunderbird, nor is she a named insured and therefore Liberty Mutual's policy is not applicable. Second, assuming the policy is applicable, the pick-up driven by Migliore was also owned by her and the temporary substitute clause only covers non-owned substitute vehicles.
Lawhorn counters Liberty Mutual's second argument by asserting that the restriction in their temporary substitute vehicle clause violates Louisiana's public policy mandating omnibus coverage.
Without assigning written reasons for judgment, the trial court granted Liberty Mutual's motion for summary judgment. This appeal followed.
For the following reasons, we reverse and remand for a trial on the merits.
A motion for summary judgment is proper only if the pleadings, depositions and affidavits show there is no genuine issue of material fact, and that mover is entitled to judgment as a matter of law and any doubt resolved against the granting of summary judgment and in favor of a trial on the merits to resolve disputed facts. La.C.C.Pro. Art. 966; Thornhill v. Black, Sivalls and Bryson, Inc., 394 So.2d 1189 (La.1981). Only when reasonable minds must inevitably conclude that the mover is entitled to a judgment as a matter of law on the facts is a summary judgment warranted. Chaisson v. Domingue, 372 So.2d 1225 (La.1979). Summary judgment is not to be used as a substitute for a trial on the merits. Brister v. Parish of Jefferson, 393 So.2d 883 (La.App. 4th Cir.1981).
The declaration portion of the policy clearly shows the Thunderbird was insured by Liberty Mutual at the time of the accident. The critical issues are whether Theresa Migliore is, in fact, the owner of the Thunderbird, whether Robert Hron insured it on her behalf, and thus whether she is a "named insured" under Liberty Mutual's policy. She and her husband both testified that the car is her car. Liberty Mutual claims it is not.
Although the Thunderbird is insured under a policy issued to Robert J. Hron, this fact alone does not establish ownership, nor is it dispositive of whether Theresa is a "named insured". Our jurisprudence has also held that title alone is not conclusive proof of ownership. Ford Motor Credit Company v. Soileau, 323 So.2d 221 (La.App. 3rd Cir.1975). Furthermore, Louisiana has adopted the rule that a written insurance contract can be reformed to conform to the original intention of the parties. Hebert v. Breaux, 285 So.2d 829 (La.App. 1st Cir.1973). Thus, the threshold questions of whether Migliore owned the Thunderbird and whether Robert J. Hron insured it on her behalf are crucial fact questions for which summary judgment is not appropriate. Once those questions are resolved, then it is necessary to determine the legal question of whether Theresa Migliore is a "named insured".
We find it unecessary to address the issue of whether the temporary substitute clause violates public policy since that issue is premature at this time. That issue will become viable only if the court, after trial on the merits, determines that Liberty Mutual's policy is applicable.
We do not suggest that Lawhorn can or should prevail on the merits of this case. We simply hold that summary judgment is not proper.
REVERSED AND REMANDED.
WILLIAMS, J., concurs with reasons.
WILLIAMS, Judge, concurring.
The policy's rating classification indicates that the principle operator of the vehicle listed in the policy was an unmarried female twenty-one to twenty-four years of age. A rating classification in and of itself does not confer coverage upon a particular driver in contravention of other provisions of the policy, but merely determines the premium to be paid. However, the rating classification may be one factor to be considered in determining whether an individual is actually covered. Thus, more *622 important to the issue of coverage than who actually owns the car is whether Liberty Mutual was apprised of the fact that the principle operator of the vehicle was married and no longer a member of Hron's (the named insured's) household. Obviously, if the court determines that the insured withheld material information from the insurer, then Liberty Mutual's policy would not provide coverage.
Also, the record on appeal does not disclose how the terms "you" and "your" are defined under the omnibus or temporary substitute vehicle provisions of the policy, definitions which may be determinative of the coverage issue in this case.
Other fact questions are whether, under the terms of the Liberty Mutual contract, the pickup truck driven by Migliore at the time of the accident constituted a substitute vehicle and whether insurance on that vehicle terminated coverage under the automatic termination provision of the Liberty Mutual policy.
I respectfully concur.
NOTES
[1] The temporary substitute provision of the policy reads as follows:

1. DEFINITIONS
On your covered auto means:
1. Any vehicle shown in the declarations.
* * * * * *
4. Any auto or trailer you do not own while used as a temporary substitute for any other vehicle described in this definition which is out of normal use because of its:
a. breakdown;
b. repair;
c. servicing;
d. loss; or
e. destruction.