914 So.2d 560 (2005)
Mark SAMUELS, Individually and on Behalf of His Minor Children, Geoffrey Samuels, Eric Samuels and Naomi Samuels, and Madilyn Samuels
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, State Farm Fire and Casualty Insurance Company, Evanston Insurance Company and Alvin Samuels.
Mark Samuels, Individually and on Behalf of His Minor Children, Geoffrey Samuels, Eric Samuels and Naomi Samuels, and Madilyn Samuels
v.
State Farm Mutual Automobile Insurance Company, State Farm Fire & Casualty Insurance Company, Evanston Insurance Company, and Alvin Samuels.
Nos. 2004-CA-0228, 2003-C-2089.
Court of Appeal of Louisiana, Fourth Circuit.
July 13, 2005.
Rehearing Denied December 6, 2005.
*561 Robert E. Kerrigan, Jr., Kristen M. Baumer, Deutsch, Kerrigan & Stiles, L.L.P., New Orleans, LA, for Evanston Insurance Company.
C. Gordon Johnson, Jr., Nicholas C. Gristina, Porteous, Hainkel & Johnson, New Orleans, LA, for State Farm Mutual Automobile Insurance Company, Alvin Samuels and State Farm Fire and Casualty Company.
(Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge CHARLES R. JONES, Judge MICHAEL E. KIRBY, Judge EDWIN A. LOMBARD, Judge LEON A. CANNIZZARO, JR.).
LEON A. CANNIZZARO, JR., Judge.
In this appeal, defendant/appellant Evanston Insurance Company seeks reversal of the trial court's order denying its partial motion for summary judgment and granting defendant/appellee State Farm Fire and Casualty Company's motion to rank insurance policies. After review of the record in light of the applicable law and arguments of the parties, we reverse the judgment of the trial court and grant Evanston's partial motion for summary judgment.

Relevant Facts and Procedural History
This lawsuit arises out of a single vehicular accident[1] that occurred on November 20, 2000, involving a minivan owned by plaintiff Mark Samuels and driven by his father, defendant Alvin Samuels. In addition to two standard automobile insurance policies issued by State Farm Mutual Automobile Insurance Company,[2] two umbrella policies were in effect at the time of the accident.
The plaintiffs filed this lawsuit, naming as defendants Alvin Samuels and the three insurance companies, State Farm Mutual Automobile Insurance Company, State Farm Fire and Casualty Insurance Company ("State Farm"), and Evanston Insurance Company ("Evanston"). Maintaining that the State Farm policy and the Evanston policy were both primary umbrella policies providing coverage on a pro-rata basis, defendant State Farm filed a Motion to Rank Insurance Policies. In opposition, Evanston filed a Partial Motion for Summary Judgment contending that its policy is an excess umbrella policy and therefore provides coverage only in excess of the State Farm umbrella policy. The trial court held a hearing on the motions and, after taking the matter under advisement, issued a written judgment, granting State Farm's motion, denying Evanston's motion, and requiring State Farm and Evanston to share pro-rata on the limits of their policies. In his reasons for judgment, the trial judge found that the "excess other insurance" clauses found in both the State Farm policy and the Evanston policy are *562 mutually exclusive and therefore mutually repugnant, requiring both insurance companies to share pro-rata on the limits of their policies. Evanston appeals this judgment. In addition to a motion and order for appeal, Evanston timely filed a supervisory writ application, No. 2003-C-2089, which has been consolidated with this appeal.

Discussion
The State Farm and Evanston umbrella policies contain the following pertinent provisions. The first policy, (State Farm policy No. 18-P0-0016-1F) issued by State Farm Fire and Casualty Insurance Company ("the State Farm policy") to Alvin Samuels and titled "Personal Liability Umbrella Policy," lists three underlying policies: (1) an automobile liability policy (250/500/100); (2) a personal residential liability policy with a $100,000.00 limit; and (3) a watercraft liability policy with a $100,000.00 limit. In the "Other Conditions" portion of the policy, a provision entitled "Other Insurance" states: "This policy is excess over all other valid and collectible insurance." Alvin Samuels paid a yearly premium of $1,385.00 for the State Farm personal liability umbrella policy.
The second policy, issued by Evanston Insurance Company ("the Evanston policy") to Alvin Samuels and titled "Personal Umbrella Liability Policy," lists two underlying policies in the declarations page: (1) "Auto Liability" (250/500/100), State Farm policy No. S1048AACEDK; and (2) "Homeowners" Liability ($2,000,000.00), State Farm policy No. T8PO00161F. The Evanston policy provides that it will pay "[e]xcess insurance over and above the amounts provided for in basic policies" which it defines as those "policies listed on the declarations (including renewals or replacements) which provides liability coverage for Personal Injury or Property Damage because of accidents." In addition, in a section entitled "Other Conditions," the following statement is made:
There may be other collectible insurance, other than basic policies, covering a claim which is also covered by this policy. If this occurs, the other insurance will pay first and this policy will be in excess of the other insurance.
The Evanston policy further states that it does not provide drop down coverage in the event any of the underlying policies are terminated or limits lessened. Alvin Samuels paid a yearly premium of $577.00 for the Evanston personal umbrella liability policy.
Evanston contends that its policy is an excess umbrella policy intended to provide coverage only after exhaustion of the State Farm umbrella policy limits and therefore the trial court erred in finding the policies mutually repugnant. Evanston concedes that the State Farm umbrella policy is not listed on the declarations page but contends that this omission was a clerical mistake made by the insurance agent. Specifically, Evanston explains that in completing the original declarations page, Sharesse Killebrew, the general agent for Evanston, correctly listed the first underlying policy as the State Farm automobile policy with $250,000/$500,000 limits. However, she erroneously listed the second underlying policy as State Farm "Homeowners Liability" policy No. 18-P0-0016-1F with a $2,000,000.00 limit, instead of the State Farm personal liability umbrella policy (emphasis added). To further complicate matters, when Alvin Samuels renewed the policy in November 2000, Ms. Killebrew erroneously completed the renewal declarations page by listing State Farm Umbrella policy No. 18-P0-0016-1F as State Farm "Homeowners Liability" policy No. "T8P000161F" (emphasis added). Because the error on the declarations page *563 is attributable to the insurance agent, and not the insured, Evanston argues that this court should reform the policy to accurately list the State Farm personal liability umbrella policy in its schedule of underlying limits.
Reformation of an insurance policy is permitted when, because of mutual error or mistake, the policy fails to reflect the intent of the parties. Earl Williams Construction Company, Inc. v. Thornton & Brooks, Inc., 501 So.2d 1037 (La.App. 2d Cir.1987). If an insurance agent knows of a policyholder's true intention as to the coverage desired, the insurance company is bound by the agent's knowledge, and a policy erroneously issued will be reformed so as to conform to the original intention. Dunn v. Pons, 03-1486 (La.App. 5 Cir. 4/27/04), 873 So.2d 811. The burden is on the party seeking reformation to prove the error by strong, clear and convincing evidence. Many v. Hartford Accident & Indemnity Co., 505 So.2d 929, 931 (La.App. 2d Cir.1987).
In support of its motion for partial summary judgment, Evanston submitted the State Farm personal liability umbrella policy and declarations page, as well as the Evanston personal umbrella liability policy and its original and renewal declarations pages. Evanston also submitted the affidavits of Alvin Samuels; Stephen Geary, Alvin Samuels' insurance agent; Arvella Campbell, Alvin Samuels' renewal agent; and Ms. Killebrew, who each averred that Alvin Samuels intended for the Evanston personal umbrella liability policy to be written in excess of the State Farm personal liability umbrella policy but that Ms. Killebrew made the aforementioned clerical errors in completing the original and renewal declarations pages. State Farm offered no evidence to contradict the sworn statements made in the affidavits regarding Alvin Samuels' intent or Ms. Killebrew's mistakes. Notably, if Alvin Samuels did, in fact, have a State Farm homeowner's liability policy, as opposed to a personal liability umbrella policy, with a $2,000,000.00 limit, State Farm would have offered the policy to oppose Evanston's motion for partial summary judgment. In the absence of any evidence to contradict the four affidavits submitted by Evanston, the trial court erred in not granting Evanston's motion for partial summary judgment and holding that its personal umbrella liability policy is an excess umbrella policy that provides coverage only in excess of the State Farm personal liability umbrella policy.
Moreover, we find the trial court erroneously relied on the Louisiana Supreme Court's opinion in Graves v. Traders & General Insurance Company, 252 La. 709, 214 So.2d 116 (1968) in determining that the State Farm personal liability umbrella policy and the Evanston personal umbrella liability policy are mutually repugnant and therefore share on a pro-rata basis. In Graves, the insured was covered by two insurance policies. One policy was an automobile liability policy issued by Traders & General Insurance Company that provided only excess coverage by virtue of its "other insurance" clause, while the other policy, a garage policy issued by Traveler's Insurance Company, contained an escape clause that provided no coverage insuring "other persons" when any other insurance was available, whether primary or excess. The enforcement of both clauses would have left the insured with no coverage at all. Id. at 117-18. Under those circumstances, the Supreme Court deemed the clauses mutually repugnant and declined to give effect to either clause, holding both insurers primary and pro-rating the loss between them. Id. at 118-19. In reaching its decision, the Court reasoned:

*564 Our study of the [excess and escape] "other insurance" clauses quoted from the two policies makes it plain that they cannot be reconciled, and if the provisions of both policies are given effect, neither insurer would be liable. Such a result would render all insurance nugatory and produce an absurdity which neither the insured nor the insurers contemplated.
Id.
The Graves case is clearly distinguishable from the case at hand. Here, the State Farm and Evanston umbrella policies each afford Alvin Samuels different layers of coverage. The State Farm umbrella policy affords Alvin Samuels $2,000,000.00 in protection in excess of his auto limits of $800,000.00 ($100,000/$300,000 under Mark Samuels' auto liability policy as the permissive driver of Mark Samuels' vehicle and $250,000/$500,000 under his personal auto liability policy) for a premium of $1,385.00. If the Evanston umbrella policy had terminated for any reason, the State Farm umbrella policy would still be in effect and would have continued to be in excess of the $800,000.00 primary auto limits.
The Evanston umbrella policy, on the other hand, provides umbrella liability coverage in excess of the State Farm auto limits of $800,000.00 and in excess of the $2,000,000.00 State Farm umbrella policy for a premium of $577.00. If the State Farm umbrella policy had terminated for any reason, Evanston's umbrella policy still would be triggered only in excess of $2,800,000.00, just as if all underlying policies remained in effect.
Furthermore, neither policy's "other insurance" clause is implicated because the umbrella policies provide different layers of coverage. State Farm's other insurance clause applies only if there is other valid and collectible insurance coverage commencing at $800,000.00. There is none. Similarly, Evanston's other insurance clause applies only if there is other coverage in excess of the basic policies as defined in the Evanston umbrella policy. There is none as the State Farm umbrella policy is a "basic policy" as defined in the Evanston umbrella policy. Since the other insurance clauses in the two umbrella policies do not come into play in this case, no conflict exists between them.
The Louisiana Supreme Court specifically recognized that an umbrella policy that lists another umbrella policy in its schedule of underlying limits is an "excess umbrella policy, which means that the insurer will pay only when the insured's liability exceeds that of the underlying umbrella policy limits." Southern American Ins. Co. v. Dobson, 441 So.2d 1185, 1186 (La.1983). If one reads the Evanston umbrella policy to comport with Alvin Samuels' intent, the Evanston umbrella policy is an excess umbrella policy because it specifically lists the State Farm personal liability umbrella policy in its schedule of underlying limits, and cannot be triggered until the State Farm umbrella policy has been exhausted.
Furthermore, it is only logical to conclude that Alvin Samuels intended for the Evanston umbrella policy to be an excess umbrella policy because no reasonable person would have purchased two umbrella policies that provided duplicate coverage that would, in effect, cancel each other out. Also, the fact that Alvin Samuels paid two disparate premiums for the two umbrella policies supports the conclusion that the policies provided significantly different coverage.
Finally, as noted above, this case arose out of a tragic vehicular accident in which Mark Samuels was injured and his wife, Patti, was killed. The petition alleges that the couple's minor son, Geoffrey, sustained *565 severe injuries to his right leg and foot that required numerous operations, including the amputation of his toes. The Samuels' other minor son, Eric, sustained severe head and scalp injuries that have left him disabled and permanently disfigured. Naomi Samuels, the couple's minor daughter, was ejected from the vehicle, sustaining severe injuries to her left leg that required surgery and confined her to a wheelchair for a lengthy period of time. Madilyn Samuels, Alvin's wife and Mark's mother, sustained permanent injuries to her hands and neck that have required several surgeries. Given the alleged extensive physical, emotional, medical, and pecuniary damages in this case and in view of the fact that State Farm has offered nothing to contradict the affidavits put forth by Evanston, we will reform the Evanston umbrella policy to conform to Alvin Samuels' intent so as to afford him, the insured, maximum insurance coverage, i.e., $4,800,000.00 as opposed to $2,800,000.00, to satisfy the claims of those persons injured in the accident in the event they are settled or proven at trial.

Conclusion
Accordingly, for the reasons set forth herein, we grant Evanston's application for supervisory writ and reverse the judgment of the trial court that ordered State Farm and Evanston to share pro-rata on the limits of their umbrella policies and denied Evanston's motion for partial summary judgment. Furthermore, we hereby render judgment in favor of Evanston on its motion for partial summary judgment, finding that Evanston's personal umbrella liability policy is an excess umbrella policy that provides coverage only in excess of the State Farm personal liability umbrella policy.
WRIT GRANTED; REVERSED AND RENDERED.
ARMSTRONG, C.J., dissents.
LOMBARD, J., dissents.
ARMSTRONG, C.J., dissents.
I respectfully dissent. I would affirm the judgment of the trial court.
LOMBARD, J., dissents.
Because it is a contract between the parties, an insurance policy is construed by using the general rules of interpretation of contracts set forth in the Civil Code. Smith v. Matthews, 611 So.2d 1377, 1379 (La.1993). When the language of an insurance policy is clear, courts lack the authority to change or alter its terms under the guise of interpretation. Louisiana Ins. Guar. Ass'n v. Interstate Fire & Cas. Co., 93-0911 (La.1/14/94), 630 So.2d 759, 764. Interpretation of an insurance contract is a question of law, see La. Civ. Code arts. 1912, 1914-15, and, appellate review of questions of law is limited to determining whether the trial court was legally correct or incorrect. Andrews v. Dufour, XXXX-XXXX (La.App. 4 Cir.6/2/04), 882 So.2d 15. Where the facts are not in dispute, the reviewing court must consider whether the trial court came to the proper legal determination under the undisputed facts. Id.; La. Code Civ. Proc. art. 2164.
There is no statutory or public policy governing the ranking of insurance policies and, accordingly, courts must give effect to the actual language of each policy to the extent possible. Spiro v. Liberty Mutual Fire Insurance Company, XXXX-XXXX, p. 3 (La.App. 4 Cir.4/12/00), 761 So.2d 53, 55. The extent of coverage is determined by the "parties' intent as reflected by the words in the policy." Louisiana Ins. Guar. Ass'n v. Interstate Fire & Cas., 93-0911 (La.1/14/94), 630 So.2d 759, 764. "[A]n "excess umbrella" policy . . . means that the insurer will pay only when the insured's liability exceeds that of the underlying umbrella *566 policy limits . . . and any other relevant policy or policies." Southern American Ins. Co. v. Dobson, 441 So.2d 1185, 1186 (La.1983). Ambiguous contract provisions are construed against the insurer who prepared the policy. Id. When the plain language of the policies, specifically the "other insurance" clauses, are held to be mutually repugnant or reciprocally ineffective, the policies will be held to share pro-rata. See Pernicariaro v. Liberty Mutual Insurance Company, XXXX-XXXX (La.App. 4 Cir. 5/20/02), 825 So.2d 1221, 1223; Graves v. Traders & General Ins. Co., 214 So.2d 116, 117-118 (La.1968).
In this case, although Evanston contends that its policy is an excess umbrella policy intended to provide coverage only after exhaustion of the State Farm umbrella policy limits, Evanston concedes that the State Farm umbrella policy is not listed on the declarations page. Moreover, although Evanston repeatedly refers to its policy as an excess umbrella policy in its arguments to this Court, the policy itself, like the State Farm policy, is entitled Personal Umbrella Liability Policy and does not contain the term excess umbrella policy. Notably, as Evanston concedes, the declarations page makes no reference to a State Farm umbrella policy, listing only on automobile policy and homeowners liability policy as underlying policies. Thus, although Evanston may have intended for its umbrella policy to be in excess of the State Farm umbrella policy, a review of the plain language of Evanston's policy does not support Evanston's contention that its policy is clearly an excess umbrella policy that will pay only when the State Farm umbrella policy is exhausted.
To the extent that the omission of the State Farm umbrella policy as an underlying policy is due to agent error, insurers are bound by the acts of their agent. See Tiner v. Aetna Life Ins. Co., 291 So.2d 774 (La.1974). Although courts may reform a written insurance contract to conform to the original intention of the parties when mutual error or negligent, mistaken or fraudulent conduct of the agent who issued the policy will be detrimental to the policyholder, see Lawhorn v. State Farm Ins. Co., 560 So.2d 619 (La.App. 4 Cir.1990); Washington v. Montgomery Ward, 25,921 (La.App. 2 Cir.6/22/94), 640 So.2d 822, research reveals no caselaw wherein the court reformed an insurance contract to protect an insurance company from the mistake of its agent.
The trial court found the "other insurance" clauses contained in the State Farm and Evanston policies to be mutually repugnant because if both were enforced, they would cancel each other out and neither would be liable. Therefore, the court adopted the solution first put forth in Graves v. Traders & General Ins. Co., supra, and made each insurer liable in proportion to the limit of its respective policy. The trial court was correct in its analysis. Each policy contains language making its coverage excess to that of the other policy and, therefore, as the trial court correctly found, they are mutually repugnant. The judgment of the trial court should be affirmed. Accordingly, I respectfully dissent.
NOTES
[1] Each of the 6 passengers in the vehicle (all family members) sustained injuries, one sustained fatal injuries.
[2] Alvin Samuels was covered by two primary automobile insurance polices issued by State Farm Mutual Automobile Insurance Company: an auto policy issued to Mark and Patti Samuels with liability limits of $100,000.00 per person and $300,000.00 per accident provided coverage to Alvin Samuels because he was a permissive operator of the vehicle owned by Mark Samuels; an auto policy issued to Alvin and Madilyn Samuels with liability limits of $250,000.00 per person and $500,000.00 per accident provided coverage to Alvin Samuels as the operator of the vehicle.