NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

18-62


SONYA THERIOT

VERSUS

STATE FARM  MUTUAL AUTOMOBILE
INSURANCE COMPANY, ET AL.


**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2014-0604
HONORABLE JULES DAVIS EDWARDS, DISTRICT JUDGE

**********

BILLY HOWARD EZELL
JUDGE

**********

Court composed of John D. Saunders, Billy Howard Ezell, and Shannon J. Gremillion, Judges.


AFFIRMED IN PART; REVERSED IN PART; AND RENDERED.

**John William Penny, Jr.**
**P. O. Box 2187**
**Lafayette, LA 70502**
**(337) 231-1955**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
    **State Farm Mutual Automobile Insurance Company**
    **Thermal Technologies**
    **Todd Lee Sparks**

**Archie Paul Joseph**
**P. O. Box 1283**
**Breaux Bridge, LA 70517**
**(337) 332-5287**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Sonya Theriot**

**Anthony Marlyn Butler**
**8545 United Plaza Boulevard, Suite 350**
**Baton Rouge, LA 70809**
**(225) 926-1810**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **The Travelers Home and Marine Insurance Company**

**Christopher A. D'Amour**
**Adams and Reese, LLP**
**4500 One Shell Square**
**New Orleans, LA 70139**
**(504) 581-3234**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Owners Insurance Company**

**Patrick L. McCune**
**Kellen J. Mathews**
**Adams and Reese, LLP**
**415 Laurel Street, Suite 1900**
**Baton Rouge, La 70801**
**(225) 336-5200**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Owners Insurance Company**

**EZELL, Judge.**

State Farm Mutual Automobile Insurance Company appeals the decision of the trial court granting a declaratory judgment ranking policies written by three insurance companies connected to an automobile accident. For the following reasons, we affirm the decision of the trial court in part, reverse in part, and render judgment.

The Plaintiff in this matter, Sonya Theriot, was involved in an automobile accident with Defendant, Todd Sparks, in Lafayette, Louisiana, on February 21, 2013. At the time of the accident, Mr. Sparks, who is a Virginia resident, was acting within the course and scope of his employment with Thermal Technologies. Mr. Sparks was driving a rental vehicle which was arranged and paid for by Thermal Technologies when he rear-ended Ms. Theriot as she made a right turn. Mr. Sparks owned a personal vehicle which was insured by The Travelers Home and Marine Insurance Company. Thermal Technologies had a business automobile liability insurance policy with State Farm, an Owners Insurance Company commercial general liability policy (CGL), and a separate umbrella policy with Owners. As a result of the accident, Ms. Theriot filed a personal injury lawsuit wherein she named State Farm, Thermal Technologies, and Mr. Sparks as defendants. Ms. Theriot subsequently amended her petition to add Travelers and Owners as defendants.

During the proceedings below, a dispute arose as to the ranking of the several insurance policies involved. State Farm and Travelers each claimed their respective policy provided excess coverage only. They likewise claimed that the Owners CGL policy provided primary and/or excess coverage. Owners claimed the CGL policy provided no coverage at all, but admitted coverage was afforded

under the larger umbrella policy. Ms. Theriot filed a petition for declaratory judgment on the insurance coverage/ranking issue. Following a hearing, the trial court granted Ms. Theriot's petition for declaratory judgment. On September 18, 2017, the trial court signed a judgment declaring that Travelers provided primary coverage for Ms. Theriot's claims, while finding that State Farm provided secondary coverage and Owners "provide[d] excess coverage." The trial court designated the ruling as a final judgment, pursuant to La.Code Civ.P. art. 1915(B), and State Farm has filed an appeal from that ruling.

On appeal, State Farm claims that the trial court erred in granting the declaratory judgment ranking it the second layer of coverage, when it claims that the "other insurance" clauses in all the policies should eliminate any ranking and force the insurers, including the Owners CGL, to share coverage on a pro rata basis. This issue raised by Appellant is a purely legal question that may be resolved by examining the specific language of each policy and referring to the applicable case law. We agree with State Farm that coverage between the auto policies should be shared on a pro rata basis, though we agree with the trial court that Owners' coverage applies in excess only.

## OWNERS CGL COVERAGE

We will first address the Owners CGL policy, in order to determine what, if any, level of coverage it provides. We find that the trial court was correct in its ultimate ruling that Owners provides excess coverage only, though we reverse that ruling insofar as it implies any coverage under the CGL policy.

If the words of a contract, given their generally prevailing meaning, are clear, explicit and lead to no absurd consequences, the contract is to be construed as written and no further interpretation may be made in search of the parties' intent.

2

La.Civ.Code arts. 2046 and 2047. Because multiple insurance policies may cover a given loss, liability insurance policies generally contain "other insurance" clauses that attempt to define the insurer's responsibility for payment or how liability should be apportioned when other insurance coverage is available.

There are three basic types of "other insurance" clauses: (1) pro rata, (2) excess, and (3) escape. A pro rata clause provides for a sharing of responsibility among the insurers, an excess clause defines the coverage provided under the policy as excess over other valid and collectible insurance, and an escape clause purports to make coverage under the policy applicable only in the event that there is no other insurance coverage available to the insured. 15 William Shelby McKenzie and H. Alston Johnson, *Insurance Law and Practice*, Louisiana Civil Law Treatise. La. Civ. Law Treatise § 7:19, (4th ed. 2012). "Escape clauses" are generally enforced when other insurance is available. *Steinwinder v. McCall's Boat Rentals, Inc.*, 02-19 (La.App. 4 Cir. 3/20/02), 815 So.2d 1059, *Citgo Petroleum Corp. v. Yeargin, Inc.*, 95-1574 (La.App. 3 Cir. 2/19/97), 690 So.2d 154, *writs denied*, 97-1223, 97-1245 (La. 9/19/97), 701 So.2d 169, 170. When comparing policies with escape and excess clauses, "each is given effect in accordance with its particular language, the policy with the escape clause is allowed to escape coverage," and the other policy may be "burdened with the full extent of the loss." *Citgo*, 690 So.2d at 168.

The Owners CGL policy is not an auto policy, but provides general liability coverage for Thermal Technologies' business. The coverage A exclusions specifically exclude coverage for injuries or property damage arising out of the use of any auto owned, operated, or rented by Thermal Technologies. However, that general exclusion of coverage for anything auto related is altered by a specific

3

"Virginia Commercial General Liability Plus Endorsement" which modifies that base coverage. That endorsement contains a "HIRED AUTO AND NON-OWNED AUTO LIABILITY" clause (italic emphasis ours) that reads: "Coverage for "bodily injury" and "property damage" liability provided under **SECTION I COVERAGES, COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY**, is extended as follows under this item, *but only if you do not have any other insurance available to you which affords the same or similar coverage.*"

This clause in the Owners policy could provide coverage for auto incidents for Thermal Technologies, but it is also clearly an escape clause, because that extended auto coverage would not be applicable under the plain language of the clause if other insurance is available to the insured. Auto coverage, specifically for a rented vehicle, was available to Thermal Technologies under the State Farm policy. That coverage by State Farm is plainly extended to rented vehicles under La.R.S. 22:1296, and State Farm concedes in brief that the coverage applies. Therefore, giving the words of the clause their clear meaning, the CGL policy does not extend coverage for non-owned autos in this situation, as the same or similar coverage was provided by State Farm.

We reverse the trial court's ruling that the CGL policy provided any coverage in this matter. However, the trial court was correct in its holding, as Owners plainly concedes, that the Owners umbrella policy provides excess coverage of up to $3,000,000, should Ms. Theriot's damages exceed the limits of the remaining Travelers and State Farm policies. The trial court judgment declaring Owners liable for excess coverage under its umbrella policy is affirmed.

4

## OTHER INSURANCE CLAUSES

We next turn to the "other insurance" clauses in the remaining policies to determine if the trial court erred in ranking State Farm secondary to Travelers.

"Other insurance" clauses in one policy may or may not be harmonious with the "other insurance" clauses contained in another policy or policies providing coverage for a particular claim. Sometimes, in such situations, "if the provisions of both policies are given effect, neither insurer would be liable. Such a result would render all insurance nugatory and produce an absurdity which neither the insured nor the insurers contemplated." *Graves v. Traders & Gen. Ins. Co*., 252 La. 709, 214 So.2d 116, 118 (1968). Thus, often the "other insurance" clauses must be reconciled in order to apportion responsibility for payment of the claim among the insurers. 15 William Shelby McKenzie and H. Alston Johnson, *Insurance Law and Practice*, Louisiana Civil Law Treatise. La. Civ. Law Treatise § 7:19, (4th ed. 2012).

In attempting to reconcile two disparate "other insurance" clauses, the proper approach is to try to give effect to both "other insurance" clauses and to find them mutually repugnant only if, by giving each effect, the insured is left with no coverage. *Citgo Petroleum Corp.,* 690 So.2d 154. Generally, when faced with competing escape and excess "other insurance" clauses, Louisiana courts have found them to be irreconcilable and mutually repugnant. *Graves,* 214 So.2d 116; *Sledge v. Louisiana Dep't of Transp. & Dev*., 492 So.2d 139 (La.App. 1 Cir.), *writ denied*, 494 So.2d 1176 (La.1986). Where "other insurance" clauses in competing policies are mutually repugnant, they will not be given effect. *See, e.g*., *Graves*, 214 So.2d 116 (holding that the excess and escape clauses in two policies were mutually repugnant and, thus, ineffective). The loss is then pro rated between the

two insurers. *Dette v. Covington Motors, Inc.*, 426 So.2d 718 (La.App. 1 Cir. 1983). We find that the "other insurance" clauses in the Travelers and State Farm policies are mutually repugnant, rendering them ineffective.

The Travelers "other insurance" clause provides "any insurance we provide for a vehicle you do not own, including any vehicle used as a temporary substitute for 'your covered auto', shall be excess over any other collectible insurance." The State Farm policy provides that "[f]or any covered 'auto' you don't own, the insurance provided by the Coverage Form is excess over any other collectible insurance." As noted by State Farm in brief, La.R.S. 22:1296 mandates that the policies both provide primary coverage. Our reading of the two insurance policies above shows that the primary coverage provided for auto liability is modified by the language of the policies to become "excess" with respect to autos covered by the policy but not owned by the insured. If both these provisions were given effect, an absurd result would occur and neither would provide coverage. Thus, the competing policies are mutually repugnant, will not be given effect, and the loss is then pro rated between the two insurers. The trial court erred in ranking Travelers as providing primary coverage. Accordingly, we reverse the declaratory judgment of the trial court ranking the coverages with Travelers as primary and State Farm secondary.

Travelers has a policy limit of $100,000, and State Farm a limit of $500,000 for a total coverage amount of $600,000. In light of our findings above, we hereby render judgment declaring that Travelers is liable for 1/6, or 16.67%, of any damage award up to $600,000. State Farm is liable for 5/6, or 83.33%, of any such award. Any amounts in excess of $600,000 shall be covered by the $3,000,000 Owners umbrella policy.

The decision of the trial court declaring that Owners provided excess coverage to Thermal Technologies under its umbrella policy up to $3,000,000 is hereby affirmed.  The decision of the trial court that the Owners CGL policy provided any coverage in the matter is hereby reversed.  The decision of the trial court ranking Travelers as providing primary coverage and State Farm secondary coverage is reversed.  We hereby render judgment declaring that Travelers is liable for 16.67% of any damage award up to $600,000 and that State Farm is liable for 83.33% of any award up to $600,000.  Costs of this appeal are assessed to State Farm.

**AFFIRMED IN PART; REVERSED IN PART; AND RENDERED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.  Uniform Rules—Courts of Appeal. Rule 2-16.3.