| BYRNES, Judge.
Defendants/Appellants, McCall’s Boat Rentals, Inc. (“McCall’s”), Torch Operating Company (“Torch”), and Empire Fire and Marine Insurance Company (“Empire”)(sometimes hereinafter referred to as “appellants”), appeal a July 17, 2001 judgment granting summary judgment in favor of UNI Storebrand (“Storebrand”).
This litigation arises from an accident that occurred when the plaintiff, Fred Ste-inwinder (“plaintiff’), was being transferred in a personnel basket from the M/V HA McCall, a vessel owned by McCall’s, to a platform owned by Torch. Plaintiff and his wife filed suit to recover for the injuries they sustained as a result of that accident naming as defendants McCall’s, Torch, Norcen Explorer, Inc. (whom they *1060 alternatively alleged to be the owner of the platform), and Melvin Leblock, an employee of Torch. In supplemental pleadings, the plaintiffs named as additional defendants Empire and Storebrand, as the alleged insurers of McCall’s.
Torch filed a third party demand asserting that it was entitled to indemnification and defense from Empire and Storebrand as an additional insured under an Independent and/or Vendor Contractor Agreement that it had entered into with McCall’s. Pursuant to that agreement, McCall’s was obligated to provide | ^coverage for the contracted operations through several species of insurance, including Comprehensive General Liability (CGL) and Protection and Indemnity (P & L) insurance. The agreement further required McCall’s to have Torch named as an additional insured under all of the policies. Storebrand was the insurer for the CGL policy, and the P & I policy was provided by Empire.
On June 17, 1998, summary judgment was granted in favor of Torch on its third party demand against Empire. By that judgment, Empire was found obligated to assume Torch’s defense and to indemnify Torch in the event of a judgment against it on the main demand. The only review of that judgment sought by Empire related to a portion of the judgment that imposed attorney fees against it. Subsequently, the defense of both McCall’s and Torch was taken over by the counsel who previously represented Empire in the coverage dispute.
In March of 2001, Storebrand moved for summary judgment seeking dismissal of all claims against it on the grounds that its policy excluded coverage for claims for which any coverage is provided to the named or any additional insured by the terms of Protection and Indemnity form SP 23.[1] Following a hearing on April 6, 2001, the matter was taken under advisement. On July 17, 2001 the trial rendered judgment in favor of Storebrand granting its motion for summary judgment for the reasons set forth in accompanying written reasons for judgment. Those reasons provided, in pertinent part, as follows:
Defendant argues that there is no issue of material fact eonvering [sic] the lack of coverage on the part of UNI Storeb-rand for the claims asserted in this lawsuit. Plaintiff asserted in a supplemental and amending petition that Sto-rebrand is an insurer of McCall’s. Torch, an alleged platform operator, asserted a third party demand against UNI Storebrand, arguing that Torch was entitled to indemnification from UNI Storebrand. This Court declines to agree. The record Lreflects that in 1998, Torch won a summary judgment against Empire, another insurer, obligating Empire to provide indemnity to Torch under the Protection and Indemnity policy. The Commercial General Liability policy issued by UNI Storeb-rand excludes coverage for any risk covered by a Protection and Indemnity policy. Thus, because it has already been adjudged that the alleged risk in this case falls within the ambit of the Protection and Indemnity policy issued by Empire, UNI Storebrand cannot be held responsible. Neither third party Plaintiff nor the Plaintiff in the main demand presented sufficient evidence to create a material fact as to the issue of coverage under the UNI Storebrand policy. Accordingly, the Motion for Summary Judgment filed on behalf of UNI Storebrand is hereby GRANTED.
*1061 McCall’s, Torch, and Empire, timely appealed the July 17, 2001 judgment.[2]
Appellate courts review summary judgment de novo, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. Independent Fire Ins. Co. v. Sunbeam Corp., 99-2181, 99-2257 (La.2/29/00), 755 So.2d 226, 280.
The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of actions. The procedure is favored and shall be construed to accomplish these ends. La. C.C.P. art. 966 A(2). A summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La.C.C.P. art. 966 B.
|4The CGL Policy Issued by Storebrand
The CGL policy at issue in this case, which was issued by Storebrand to McCall’s, contained a “Protection and Indemnity Exclusion and Warranty Endorsement” which provided the following:
Notwithstanding anything contained elsewhere herein to the contrary the Comprehensive General Liability Policy, to which this endorsement is made a part, specifically excludes, does not provide coverage for and will not pay in any circumstance, in whole or in part, in contribution, in excess of or otherwise, any sum(s) for which the Insured is or is alleged to be liable and for which any coverage is provided to the Named or any Additional Insured hereunder by the terms of Protection and Indemnity form SP-23 including contractual liability (whether or not such coverage is place) and including any and all extensions of coverage thereto including, but not limited to, Additional Assured provisions.
It is further warranted and is a condition of this Insurance that any and all vessels owned and/or operated by the Insured are separately insured for Protection and Indemnity risks no less broad than the terms of Protection and Indemnity form SP-23 (Including contractual liability) up to the limit of this policy.

The P & I Policy Issued by Empire

The P & I policy issued to McCall’s by Empire states, pursuant to the “Cover elsewhere” provision:
Provided that where the Assured is, irrespective of this insurance, covered or protected against any loss or claim which would otherwise have been paid by the Assurer, under this policy, there shall be no contribution by the Assurer on the basis of double insurance or otherwise.
In their sole assignment of error, appellants contend that the trial court erred in granting Storebrand’s Motion for Summary Judgment. Citing Rini v. Transocean Contractors, 1981 AMC 1128 (W.D.La.1981), they contend that the “cov *1062 er elsewhere” clause, or as they label it, the “other insurance” clause, contained in the Empire P & I policy has been deemed to be an “escape clause”. | BThey argue that the above-quoted clause in the Storeb-rand CGL policy is also an “escape clause” despite its being labeled as an “exclusion and warranty endorsement,” because it simply seeks to escape coverage where P & I coverage is available on a SP-23 form. They further claim that the two clauses, when read together, are mutually repugnant because their literal effect would leave the insured with no coverage, and therefore the loss should be pro rated between Empire and Storebrand according to the limits of each policy. Because both the Empire and the Storebrand policies both provide coverage limits of $1,000,000.00, appellants argue that both insurers should participate in any loss and defense costs at the rate of 1:1.
Storebrand, on the other hand, argues that its exclusion and warranty endorsement is not an “other insurance” clause. Instead, it submits, the provision is a true exclusion that simply provides that no coverage is provided for any loss for which any coverage is provided to the named or any additional insured by the terms of a P & I form SP-23. Further, Storebrand points out that the exclusion, by its very terms, applies whether or not such coverage is actually in place. Thus, Storebrand submits that its policy does not cover the losses alleged in this matter regardless of the existence of the Empire P & I policy. It necessarily follows then, that the “other insurance” clause in the Empire policy is not triggered.
Storebrand distinguishes Rini because that case dealt with competing “other insurance” clauses, and not a situation like the one before us, where one policy has excluded a specific type of risk. Storebrand agrees that the finding in Rini was correct because both of the escape clauses at issue therein relied on the existence of enforceable coverage by another policy.
| (¡Storebrand notes that in Farrell Lines, Inc. v. Insurance Co. of North America, 789 F.2d 300 (5th Cir.1986), the court addressed a dispute between a CGL insurer and a P & I insurer similar to the dispute presented in the case at bar. In that case, the CGL policy contained an “EXCLUSION ENDORSEMENT” wherein it was agreed that the policy did not cover “any occurrence or accident which is or would be covered in whole or in part under Protection and Indemnity Policy(ies) of Marine Insurance whether or not such insurance is covered by the insured.” Because the court found that risk of the plaintiffs injury lay within the coverage afforded by P & I coverage, it upheld the district court’s conclusion that coverage under the CGL policy was precluded by the P & I exclusion contained therein. Id. 789 F.2d at 304.[3]
Moreover, this Court is inclined to give more consideration to the Fifth Circuit decision in Farrell Lines than to what is basically an unreported district court opinion in Rini.
We find that the CGL policy issued by Storebrand clearly and unambiguously excludes from coverage any risks covered by a P & I policy and that the exclusion applies regardless of whether such P & I coverage is actually in place. The trial judge found that “the alleged risk in this case falls within the ambit of the Protection and Indemnity policy issued by Empire.” That finding was not appealed and is now the law of the case. There has been no showing, and appellants have not *1063 argued that to apply the law of the case in this instance would result in any manifest injustice or clear error. Accordingly, coverage under the Storebrand CGL policy is excluded altogether, and no coverage exists to share the loss with the |7coverage afforded under the Empire P & I policy. Summary judgment was properly granted in favor of Storebrand.
For the foregoing reasons, the judgment granting summary judgment in favor of Storebrand is affirmed.

AFFIRMED

. Form SP-23 is the most common standard document providing P & I coverage, and is used in the Empire policy.

. Although the record contains a Notice of Signing of Judgment dated July 17, 2001, the date that the trial court rendered judgment in favor of Storebrand, it appears that counsel for the appellants was not included in that mailing. Rather, it appears that appellants’ counsel of record was notified of the July 17, 2001 judgment by Notice of Signing of Judgment dated the August 24, 2001. This notice was supposed to be attached as Exhibit 1 to the Petition for Suspensive Appeal filed by the appellants in the trial court on September 18, 2001. Although the record contains no such exhibit, the August 24, 2001 Notice of Signing is attached as an Exhibit to appellants’ brief to this Court and Storebrand concedes in its brief to this Court that it appears that this appeal was timely filed.

. The Farrell Lines court did not specifically address whether the exclusion endorsement conflicted with any "other insurance” clause, if any existed, in the P & I policy.