CLARENCE E. McMANUS, Judge.
The Insurance Company for the State of Pennsylvnia appeals the grant of a motion for summary judgment in favor of the Insurance Company of North America, Inc. on its cross-claim. For the reasons which follow, we affirm the judgment of the trial court.
Ronald Slattery (“Slattery”) was employed by Offshore Navigation, Inc. (“ONI”) as a navigator. On December 14, 1990, ONI and Western Geophysical Company, Inc. (“Western”) executed a contract which stated that ONI would provide Western with employees to send to work in Argentina. Pursuant to that contract, Slattery was to go to Argentina to work aboard a vessel, the M/V Western Atlantic. Western made Slattery’s travel arrangements and paid his way to Argentina and transported him to the vessel. He was to return to the United States on December 10, 1991, however, Western instructed him to remain in Argentina to perform additional work. On December 14,1991, Western told Slattery the work was complete and he could return to the U.S. Western’s local agent, Argencia Maritme Internationale, made the travel arrangements. On the morning of December 15, 1991, a car and driver picked Slattery up to transport him to the airport. The driver lost control and the car flipped, ejecting Slattery and injuring him.
IsSlattery and his wife, Michele Goldman (“Goldman”), filed suit against Western, ONI, and ONI’s insurer, the Insurance Company of North America (“INA”). On October 19, 1994, the trial court found that ONI provided Western with insurance coverage as an “additional insured” under its policy with INA. Thereafter, INA settled its claims with Slattery for $350,000.00 on behalf of ONI and Western. INA then filed a cross-claim and third party demand against Western’s insurers, including the Insurance Company for the State of Pennsylvania(“ICSOP”) and Quayside Insur- *798 anee Management (“Quayside”) seeking recovery of the amounts paid to Slattery.
On July 13, 2000, the trial court issued a judgment finding that INA was legally subrogated to the rights of Western against ICSOP. On August 22, 2001, the trial court issued a judgment finding that Slattery was a Jones Act seaman and finding that he was a borrowed employee of Western at the time of the accident. INA then filed a motion for summary judgment seeking the $350,000.00 settlement amount it had paid to the plaintiffs from ICSOP. ICSOP also filed a motion for summary judgment. The trial court granted the motion for summary judgment in favor of INA and denied the motion by ICSOP in open court on August 9, 2001 and by written judgment on August 22, 2001.
The trial court also issued written reasons for judgment on September 4, 2001. In its reasons, the trial court states that “it would be inappropriate for this Court to consider the conclusory and self-serving affidavits submitted by ICSOP which contend that its policy does not provide Jones Act coverage.” The trial court further found that the language in the policy endorsement is clear and unambiguous regarding its intent to provide coverage for injuries to Western employees who are determined to be a Jones Act seaman by a court. The trial court had previously found that Slattery was a Jones Act seaman and a borrowed [¿employee of Western. Therefore, the trial court found that the ICSOP endorsement provided Jones Act coverage for the Slattery’s claims.
The trial court also addressed the issue .of which insurer would be liable for the $350,000.00 settlement paymfent. The trial court recognized that there are multiple policies, each with an “other insurance” clause. The trial court found that the “other insurance” clause in the INA policy clearly limits the policy to excess coverage when the insured has other valid and collectible insurance. The trial court noted that it must next determine whether the ICSOP policy provides primary or excess coverage in order to give effect to all of the “other insurance” clauses. The trial court found that the endorsement to the ICSOP policy contains an escape clause, however, a subsection of the insurance policy restores coverage to Western employees determined to be a Jones Act seaman at the time of the accident. Ultimately, the trial court held that since it found coverage to be available under both the ICSOP and the INA policies, Quayside was relieved of liability by its escape clause. The trial court held that the IC-SOP policy provides primary coverage for the plaintiffs’ claims and the INA policy is limited to excess coverage “over any other valid and collectible insurance available to the insured.”
Finally, the trial court addressed INA’s argument that ICSOP does not provide valid and collectible insurance with respect to the first $250,000.00 of the settlement payment because ICSOP’s policy is a “retrospective rating” policy. The affidavit of Nancy Trent provided that any claim payment made within the policies $250,000.00 “stop loss” must be paid by Western and Western had not paid any portion of this amount. Therefore, Western would have to pay the first $250,000.00 .if the trial court found that ICSOP is liable for the $350,000.00 settlement payment. The trial court found that the affidavit of Nancy Trent “merely provides additional conclu-sory statements alleging that Western will have |Bto pay $250,000.” Therefore, the trial court found that ICSOP failed to satisfy its burden of proof on that issue.
The judgment of the trial court was in favor of INA and against the cross-claim defendant, ICSOP, for $350,000.00, plus judicial interest from the date of demand. The judgment also declared that INA shall *799 indemnify Western for any portion of this judgment that it must pay to ICSOP pursuant to the Retrospective Premium Adjustment Agreement. ICSOP filed a motion for new trial, which was denied by the trial court.
ICSOP now appeals the judgment granting summary judgment in favor of INA alleging three assignments of error: 1) questions of material fact exists, therefore, summary judgment is improper, 2) the trial court erred in completely disregarding the statutorily compliant affidavit of Nancy Trent and in granting summary judgment in favor of INA, and 3) the trial court erred in granting INA’s motion for summary judgment declaring that the plaintiff was a borrowed employee of Western when the terms and conditions within the “four corners” of the contract govern this issue. For the following reasons, we affirm the trial court’s judgment granting summary judgment in favor of INA.

DISCUSSION

First, we agree with the trial court and find that no genuine issues of material fact exists. The trial court fully evaluated the insurance policies of all three insurance companies, INA, ICSOP, and Quayside, as well as the contract between ONI and Western. We agree with the trial court’s finding, based on its evaluations, that INA is not precluded from seeking indemnity from ICSOP. The contract between ONI and Western stated that Western “agrees to protect, indemnify, and save ONI harmless from and against all claims, demands, and causes of action of every kind and character resulting therefrom.” The contract further states that ONI | (¡will indemnify Western only as to injuries resulting from the willful or negligent acts or omissions of ONI, its agents, or representatives. The trial court noted that neither INA nor ICSOP had presented any facts to show that the accident occurred because of ONI’s willful or negligent acts. The facts show that Western hired the ear that was involved in the accident. Therefore, we find there are no genuine issues of material fact as to the finding that INA may seek indemnification from ICSOP based on the language in the contract between ONI and Western.
Next, we find the trial court correctly held that the ICSOP policy provides Jones Act coverage. An endorsement to the ICSOP policy clearly states that coverage includes, but is not limited to, Jones Act, General Maritime Law and the Death on the High Seas Act. In opposition to this argument by INA that this endorsement unambiguously states that ICSOP provides coverage for Jones Act claims, ICSOP submitted the affidavits of Nancy Trent and Linda Taylor. They both worked for the home foreign manager of ICSOP, AIG World Source. Trent’s affidavit does not address this issue, however, Taylor’s affidavit does state that neither policy of IC-SOP provides Jones Act coverage to members of the crew of the insured’s vessels. The trial court found both of these affidavits to be “conclusory and self-serving”. The trial court looked at the ICSOP policy and found that it was clear and unambiguous as to its intent to provide coverage for injuries to Western’s employees who are determined to be Jones Act seaman.
We agree with the trial court and find that the ICSOP policy provides coverage to a Jones Act seaman and find that the trial court correctly found Slattery to be a Jones Act seaman and a borrowed employee of Western. The affidavits provide no helpful information on this issue. Taylor simply states that the policies do not provide Jones Act coverage to members of the crew of the insured’s vessel. She provides no basis for this statement. Therefore, we find thejjtrial court did not err by finding the affidavits to be conclusory and self-serving and failing to consider them.
*800 Next, we find that the trial court correctly held that coverage is available under both the ICSOP and the INA policies, but not Quayside, with the ICSOP policy providing primary coverage and the INA policy being limited to excess coverage. Since there are three policies, we must give effect to all of the policies’ “other insurance” clauses unless it would leave the insured without coverage. Citgo v. Yeargin, Inc., 95-1574 (La.App. 3 Cir. 2/19/97), 690 So.2d 154, 167. Polices may also have “escape clauses”, which are generally enforced when other insurance is available. Steinwinder v. McCall’s Boat Rentals, Inc., 2002-0019 (La.App. 4 Cir. 3/20/02), 815 So.2d 1059, 1061-63; Citgo, supra. The ICSOP policy includes an escape clause; however, further language providing coverage for Western employees determined to be Jones Act seaman, specifically provides coverage under the policy at issue. Thus, the escape clause in the policy is negated. This means there is coverage under the ICSOP policy.
In addition, there is coverage under the INA policy. The “other insurance” clause in this policy does limit the policy to excess coverage when the insured has other valid and collectible insurance. Therefore, there is coverage under both the ICSOP and the INA policies. There is no coverage under the Quayside policy because it has a valid escape clause that applies since coverage exists under the other policies. In addition, based on the negation of the escape clause in the ICSOP policy, it provides primary coverage and the INA policy provides excess coverage.
Based on the above, we agree with the trial court’s judgment granting summary judgment in favor of INA.

AFFIRMED.